In re Guardianship of Minor Heirs of HENRY HOLSCHER, Deceased, CATHARINE M. J. HOLSCHER, Appellant, v. D. A. GEHRIG, Guardian, Appellee.

**Guardian and ward:** ACCOUNTING: ADVANCEMENTS. A guardian
1  who advances trust funds to his ward without any knowledge of the purpose for which the ward desires the same, should not be credited with the amount in his judicial settlement of his account, although he may have been allowed credit therefor in a private settlement with the ward.

**Bill of exceptions:** PRESERVATION OF EVIDENCE. When the re-
2  porter's notes were filed with the clerk prior to the signing of a skeleton bill of exceptions which directed the clerk to extend, copy and insert therein all of the evidence, exhibits, etc. as shown by the original notes so filed, the bill of exceptions was sufficient to make the evidence a part of the record under Code, section 3752, though the notes when filled were not certified and no entry of the filing thereof was made in the clerk's record.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NELL, Judge.

FRIDAY, DECEMBER 16, 1904.

THIS is a proceeding based upon exceptions to a report of D. A. Gehrig, as guardian of the minor heirs of Henry

Holscher, deceased. An accounting was also prayed for and had before the court, and from the order and judgment entered the petitioners appeal.—*Affirmed.*

*John B. Utt* and *N. E. Utt,* for appellants.

*Alphons Mathews,* for appellee. ·

BISHOP, J.— I. A motion to strike all evidence from the record, because not properly preserved by bill of exceptions, was made by appellee and submitted with the case. From the transcript it appears that judgment was entered in the court below on April 18, 1900, and sixty days from that date was given in which to prepare and have filed bill of exceptions. On June 16, 1900, a skeleton bill, signed by the trial judge, was filed in the office of the clerk, the material provisions of which are as follows: " * * * the following evidence was offered or introduced, and the following proceedings were had, and the same were under the direction of the court, taken down by J. L. McCabe, the official stenographer of said court, and was by him filed with the clerk of said court on the 28th day of February, 1900: (The clerk of said court will here insert all the evidence offered or introduced upon the trial of said matter, and all of the objections made thereto, and all the rulings of the court made thereon, and all the exceptions saved, as fully as the same appears in the original notes of J. L. McCabe, the official stenographer of said court, and copy and insert in full all of said notes, which notes were filed in said case with the clerk of said court on the 28th day of February, 1900, and when said notes are extended or transcribed the clerk will here insert the same in full, together with all exhibits and documentary evidence referred to and identified in said notes or transcript thereof). The foregoing is all the evidence offered, introduced, or received upon the trial of said cause. * * * "

A stipulation of facts is filed in this court, from which it appears that the evidence was taken in the court below, in shorthand, by the official reporter; that after the time for filing bill of exceptions had elapsed the reporter's notebook was found in the vault of the clerk's office; that on said notebook was the filing stamp of the clerk's office as of date February 28, 1900, but there was no certification indorsed thereon or attached thereto by either the trial judge or the reporter, and it is agreed that no such certificate was ever made. The records in the clerk's office do not show the filing of such notebook. A transcript of his notes was made by the reporter, and properly certified, and filed in the office of the clerk, on October 17, 1900. That the skeleton bill was filed in time is apparent, and that such bill was sufficient to make the evidence offered and received upon the hearing and contained in the shorthand reporter's notes, a part of the record in the case, is not to be doubted unless it shall be said that the failure to have such notes certified to by the trial judge and reporter must lead to the opposite conclusion. There are three methods by which the evidence in a case may be preserved by bill of exceptions. Under the provisions of section 3675 of the Code, any party is entitled to have reported the whole proceedings upon the hearing, and the court shall direct the reporter to make such report in writing or shorthand, etc. The same section of the Code further provides: "Such report shall be certified by the trial judge and reporter when demanded by either party, to the effect that it contains a full, true and complete report of all proceedings had that are required to be kept, and, when so certified, the same shall be filed by the clerk, and with all matters set out or identified therein, shall be a part of the record in such action, and constitute a complete bill of exceptions." Another method is to include in the bill as presented to and signed by the judge all the evidence and proceedings sought to be preserved, *in extenso.* A third method is by skeleton bill, and by sec-

*Margin note: 2. BILL OF EXCEPTIONS: preservation of evidence.*

tion 3752 of the Code it is provided that such bill when signed " need not include therein, spread out at length, any writing filed in court, but may incorporate the same by any unmistakable reference thereto; and the clerk, in making a transcript of the bill of exceptions, shall write therein at length all of such writing included therein by reference."

The latter method was here attempted to be adopted, and we think sufficient was done to preserve the evidence in the case. The finding of the notes in the clerk's office clearly indicates that they were on the date marked thereon left with the clerk for filing. It is not material that no entry of such filing was made in the appearance docket or otherwise. Even if it be conceded that such entry was required, still a party cannot be deprived of his rights in such cases by the mere failure of the clerk to make the required entry. Now, while the filing of such notes without being certified would not of itself constitute a bill of exceptions, yet we see no reason why the court may not in signing a skeleton bill refer to and make such notes so filed, or a transcript thereof, a part of the record, and so authorize the insertion of the same in a transcript, to have the same force and effect as would follow from the filing of any paper or document used upon the trial and then filed with the clerk. It follows that the motion must be overruled.

II. On June 14, 1892, Catharine Holscher filed a petition in the court below, praying the appointment of a guardian for her minor children, Dora C., born November, 1877; Catharine M. J., born January, 1879; and Theodore B. H., born July, 1882. D. A. Gehrig is named in the petition as a suitable person, and on the date named he was appointed and qualified as such guardian. On September 13, 1893, said guardian filed his annual report from which it appears that on June 16, 1892,. there came into his hands cash to be credited to said minors in the sum of $7,196.75 each; that he had placed such sums of money in a bank, receiving therefor time certificates of deposit drawing 5 per

cent. interest; that he had paid the board of said minors, and taxes, and had on hand a balance due to each in the sum of $7,391.65. This report was presented to the court and examined and approved, an order being entered to that effect. Thereafter no report was made and filed until August 20, 1898, and this was in response to a citation issued at the instance of Catharine M. J. Holscher, one of the wards. We may properly consider the interests of the different wards separately, as disclosed by this report. As to Dora C., credit is given for the balance on hand as shown by last report. Thereto is added interest to November, 1894, at 5 per cent., amounting to $517.58. There is then deducted the sum of $126 paid to the mother of said ward for board, and the sum of $63.33 for taxes. The balance on hand, together with the sum of $22.50 additional, is reported as having been paid over to said ward, on November 10, 1894, she having then attained her majority. With said report is presented a receipt signed by said ward, bearing the date mentioned, acknowledging payment of $7,742.40 in full settlement of all demands against said Gehrig as her guardian. The receipt also states that she had read the final report of the guardian, and that the same is correct; also that notice of filing of said report is waived, and the discharge of said Gehrig as guardian is asked. Upon the filing of the report in August, 1898, being nearly four years after the date of the settlement alleged, said Dora C. presented exceptions thereto, the same being, in substance, that said guardian had not correctly accounted for all moneys received by him; that the receipt attached to the report was procured by fraud and deception; that no such sum of money was ever paid her; and that there is still due to her the sum of $3,000. We cannot undertake to set forth even the substance of the evidence brought forward upon the hearing of the issue thus made in the court below. It is sufficient for us to say that the charge of fraud and deception is not supported or warranted thereby. Said ward was of full age, and the settlement was made by herself

and her mother. From the amount due her there was deducted the amount of two notes held by the guardian, representing money loaned to her mother at the request of said ward. We think it fairly appears that this was agreed to at the time, and there is some evidence tending to show that the mother at once secured her daughter on account thereof. No complaint was made of the rate of interest allowed by the guardian. It further appears that thereafter Gehrig had charge of the business interests of said Dora C., including the building of a business block in Dyersville, and incident thereto several settlements were had; that at no time was it ever suggested that there had been any wrongdoing on the part of Gehrig as her guardian. The court below found that said Dora C. was bound by the settlement made, and we agree that such finding was justified by the record as made, and that the same should not be disturbed.

III. In the later report Catharine M. J. is given credit for the balance shown by the first report, and interest at 5 per cent. to January 21, 1897, amounting to the sum of $1,-329.34. She is charged with board paid her 1. Guardian and ward: accounting: advancements. mother, and taxes; and it is said that on the date last mentioned, said minor having attained her majority, full settlement was had, and the balance due was paid to her. Attached to the report is a receipt of date January 21, 1897, for the sum of $8,018.39, in form and containing the recitals found in the receipt given by Dora C. Exceptions to the report were also filed by Catharine M. J. Therein it is asserted that she was not of full age at the time of such alleged settlement, and that in fact she did not reach the age of majority until in January, 1898, and for that reason the settlement should be set aside as a whole. This, we think, should not be done. It will be noticed that in the original petition for the appointment of guardian the date of her birth is given as January, 1879. This would bring her eighteenth birthday in January, 1897. Moreover, when the settlement was made, her mother was

present with her, and certainly the guardian was given to understand that she had become of age, and that he acted in good faith in such respect cannot be doubted. It now appears probable that a mistake was made, but we do not think the situation calls for relief to the full extent demanded. It appears, however, that a deduction was made from the amount due from the guardian on account of moneys advanced by him from time to time, on her request, and for which notes had been given by her. These notes aggregated the sum of $1,030, and interest thereon computed to the date of settlement amounted to the sum of $26. The total amount, or $1,056, was included in the receipt taken by the guardian, and such notes were by him turned over in part payment. As to the amount of the advancements thus made, we think the report of the guardian should not have been approved. The record is somewhat confusing — due, probably, to the fact that the name of the elder sister is Dora Catharine, and she is frequently spoken of as Katie — but a careful reading, after reargument, discloses that with one exception the various sums of money were advanced without any knowledge on the part of the guardian of the purpose for which the same was to be used. The excepted instance was an advancement of $550, which she said she wanted for her mother. He had no knowledge, however, of what was done with the money. Catharine M. J. testifies that she does not know what she did with any of the money save that one sum was drawn to be applied as a payment on a piano. Now, the settlement was made out of court, and, notwithstanding there was no actual fraud or deception practiced — and we find there was none — the court should scan a settlement thus made closely, and should not hesitate to withhold approval where it is made to appear that the settlement was clearly against the interests of the ward. The law regards a minor as incapable of exercising proper judgment in respect of the conduct of business matters; accordingly, and to say the least, it demands the exercise of judgment and

discretion at the hands of the guardian. And if, through his failure to reasonably meet such requirement, the estate is frittered away, he must make good the amount thereof. If this were not so, there would be no certainty of the preservation of the estates belonging to minors. One who accepts the trust incident to guardianship should understand thoroughly that his responsibility is to the court appointing him, and that he cannot lay down the trust until he has made settlement with the court, or, if made out of court, that the stamp of approval should be put upon it as showing that the trust has been faithfully executed. Citation of authorities in support of the conclusion thus reached ought not to be necessary, but see *Ellis v. Soper,* 111 Iowa, 631; *Bard v. Wood,* 3 Metc. (Mass.) 74; *Wade v. Lobdell,* 4 Cush. 510; *in re Van Horne,* 7 Paige, 46; *Crow v. Reed,* 38 Ark. 482; Rogers, Domestic Relations, section 900; 2 Pomeroy, Equity Jurisprudence, section 1062. From the views thus expressed it follows that the guardian should be required to pay over to said Catharine M. J. Holscher, in addition to the sum of money paid her at the time of settlement, the sum of $1,056, with interest at six per cent. from the date of settlement, and the case will be remanded for proper proceedings to that end.

The judgment of the lower court is ordered modified to the extent indicated in the third division of this opinion. In all other respects it is affirmed. The petition for rehearing is overruled.— *Modified* and *affirmed.*