## NELSON *v.* COWLING.

Opinion delivered January 6, 1906.

77    351
s89    341

1. EQUITY—SURCHARGING GUARDIAN'S ACCOUNT.—A complaint which charges a guardian with having failed to account for money he had received as guardian states a cause of action within the jurisdiction of a court of chancery. (Page 354.)

2. PLEADING—REMEDY FOR INDEFINITENESS.—For a complaint which states a good cause of action in an indefinite manner, a motion to make its statements more specific is the proper remedy. (Page 354.)

3. FRAUD—SURCHARGING GUARDIAN'S ACCOUNT.—A complaint in equity which seeks to charge a guardian with rents which he could have collected by ordinary prudence and loyalty to his ward states no facts which constitute a fraud. (Page 354.)

4. PROBATE SETTLEMENTS—EQUITABLE RELIEF.—While guardians' settlements in the probate court, when confirmed, have the force and effect of judgments, which, if erroneous, may be corrected on appeal, courts of chancery may interfere to correct fraud therein, or relieve against accident, or upon some other acknowledged ground of equity jurisdiction. (Page 355.)

5. FRAUD—IMPEACHMENT OF GUARDIAN'S SETTLEMENT.—Where fraud is the ground for impeaching a guardian's settlement in equity, actual or constructive fraud will suffice; but the acts constituting it must be specifically alleged and proved. (Page 355.)

6. SAME—BURDEN OF PROOF.—The burden is on him who alleges fraud to prove it. (Page 356.)

Appeal from Howard Chancery Court; JAMES D. SHAVER, Chancellor; reversed.

STATEMENT BY THE COURT.

This suit is by appellee, and cross-appellant, present guar-

dian, against appellant, former guardian, of Bettie M. Jones, an insane person, to surcharge and falsify the settlements of appellant with his ward which had been approved by the probate court. The issue is narrowed here by briefs of counsel to the question of whether or not the settlements should be set aside in the matter of rents received by appellant from lands of his ward. The complaint concerning this charged: "That, during the administration of the said defendant, she (his ward) owned and was possessed of a large portion of very valuable real estate of the rental value of $150 per year; that said defendant did collect, or by the exercise of ordinary prudence and loyalty to his ward could have collected, $150 per annum for fourteen years, amounting in the aggregate to $2,100, whereas the said defendant in his said pretended settlements only accounts for $864, leaving a balance due his ward of $1,236, if defendant had been loyal to her interest." The above was a portion of paragraph three of the complaint. The appellant "denied each and every allegation in paragraph three of plaintiff's complaint," etc. He further denied generally "that he failed and neglected to charge himself with all amounts received by him for his ward."

Upon the issue thus formed depositions were taken, and the cause heard. The settlements of appellant, as approved by the probate court, show that he received as rents, after making allowances for improvements, the following:

From E. K. Walden for 1888................$124.00
From W. H. Lindsay, subtenant of Joe Cowling,
    1889 ................................ 150.00
From Joe Cowling, Jr., 1890 ................ 115.00
From Joe Cowling, Sr., 1891............... 75.00
Rented to Ike Read for 1895................ 50.00
Rented to Ike Read for 1896............... 70.00
Rented to Ike Read for 1897............... 60.00
Rented to Ike Read for 1898............... 70.00
Rented to Ike Read (Hipp subtenant), 1899.... 70.00
Rented to Sam Hooker for 1900............. 80.00
Rented to D. B. Smith for 1901............. 231.80
From Alex May (part of year 1902) .......... 32.75

In the probate settlements appellant was not charged with the rents of 1892, 3, and 4.

The settlements of appellant were set aside as fraudulent, and the chancellor restated them as follows:

| To rent for year | 1888 | ..................... | $135.00 |
| " | " | 1889 | ..................... | 150.00 |
| " | " | 1890 | ..................... | 150.00 |
| " | " | 1891 | ..................... | 100.00 |
| " | " | 1892 | ..................... | 100.00 |
| " | " | 1893 | ..................... | 100.00 |
| " | " | 1894 | ..................... | 100.00 |
| " | " | 1895 | ..................... | 150.00 |
| " | " | 1896 | ..................... | 150.00 |
| " | " | 1897 | ..................... | 100.00 |
| " | " | 1898 | ..................... | 100.00 |
| " | " | 1899 | ..................... | 100.00 |
| " | " | 1900 | ..................... | 100.00 |
| " | " | 1901 | ..................... | 231.80 |
| " | " | 1902 | ..................... | 26.50 |

The chancellor, in restating the account of the appellant with his ward, found a balance due the estate of $780.52.

The court allowed appellant $180 for clearing land and $100 as compensation for his services, leaving a balance due the estate of $500.52, and decreed accordingly. Other facts stated in opinion.

*D. B. Sain,* for appellant.

The probate court has exclusive jurisdiction of guardians of insane persons and the settlement of their accounts. Art. 7, § 34, Const.; Kirby's Digest, § 4002; *Ib.* 901; 43 Ark. 171; 36 Ark. 389; 42 Ark. 222. Mere negligence of the guardian does not constitute fraud, nor confer jurisdiction on the chancery court. 51 Ark. 10. The guardian is chargeable, not with the rental value of the land, but with the rents collected. 64 Ark. 477. A guardian's accounts having been submitted to and approved by the probate court, the court will not go behind these settlements except upon clear and satisfactory evidence of fraud or mistake. 72 Ark. 234; 23 Ark. 47; 25 Ark. 108; 40 Ark. 219. A bill in equity will not lie to correct errors of the probate court, in the absence of a showing that the probate court has been imposed upon by fraud or concealment. The remedy is by appeal. 71 Ark. 482; 51 Ark. 9; 45 Ark. 505; Crawford's Dig. 68, 69.

*Feazel & Bishop,* for appellee.

Fraud was shown and proved. Chancery has jurisdiction to surcharge and restate the guardian's settlements. 63 Ark. 452; 42 Ark. 186; 36 Ark. 383.

WOOD, J., (after stating the facts.) Appellant challenges the jurisdiction. In *McLeod* v. *Griffis,* 45 Ark. 505, it is said: "An omission to account for moneys or other assets actually received by the administrator has been by this court held to be a legal fraud which the chancery court will correct, whether the omission was intended or by mistake."

In *Campbell* v. *Clark,* 63 Ark. 450, we held (quoting syllabus) that "for a guardian to obtain credits in his final settlement with the probate court for sums not expended by him for the benefit of the ward is such a fraud as will justify a court of equity in restating and correcting the settlement."

The appellant did not demur to the complaint, nor move to make more specific. He answered, and treated the complaint as charging him with a failure to account in his settlements for money which he, as guardian, had received as rent for the land of his ward. He took proof on this issue. Appellee, and cross-appellant, evidently intended that his complaint should charge appellant with a failure to account for rent money which he had received as guardian. While the allegations are inartistic and indefinite, they are sufficient, according to the principles of the above and other cases, to state a cause of action within the jurisdiction of a court of chancery. The facts showing that appellant failed to account for rent during the years he collected same are stated with enough precision to constitute a cause of action. From these allegations fraud follows as a legal conclusion. Had appellant desired a more definite statement as to the years and the amounts for each year, a motion to make more specific was his remedy. *Choctaw, O. & G. R. Co.* v. *Doughty, ante* p. 1, and the authorities cited. But the complaint is good only in so far as it may be considered as charging appellant with a failure to pay over the money which he had actually collected. That part of the complaint which seeks to charge appellant with rents which "he could have collected by ordinary prudence and loyalty to his ward" states no facts which constitute a fraud. *Conway*

v. *Ellison,* 14 Ark. 360; *Ringgold* v. *Stone,* 20 Ark. 526; *Rein-hardt* v. *Gartrell,* 33 Ark. 727; *Mock* v. *Pleasants,* 34 Ark. 63.

Under art. 7, § 34, Const., and § 4002, Kirby's Digest, probate courts have exclusive original jurisdiction of the estates of insane persons and of the settlements of the accounts of the guardians of such persons. When these "settlements have been duly confirmed, the orders of confirmation have the force and effect of judgments, which, if erroneous, may be corrected by appeal. * * * Courts of chancery, however, may interfere to correct fraud, or relieve against accident, or upon some other ground of acknowledged equity jurisdiction, to prevent irremedi-able mischief." *Trimble* v. *James,* 40 Ark. 393; *McLeod* v. *Griffis,* 45 Ark. 505, and authorities cited; also *McLeod* v. *Griffis,* 51 Ark. 1.

Where fraud is the ground for impeaching such settlements, actual or constructive fraud will suffice. But the acts constituting it must be specifically alleged and proved. *McLeod* v. *Griffis,* 51 Ark. *supra; Id.* 45 Ark. 505; *Dyer* v. *Jacoway,* 42 Ark. 186; *Mock* v. *Pleasants,* 34 Ark. *supra; Reinhardt* v. *Gartrell,* 33 Ark. *supra.*

The fact that appellant may not have exercised that care in renting the lands of his ward that "ordinary prudence and loyalty to her interest" required would afford no ground for a court of chancery to set aside and restate settlements which had been duly confirmed by the probate court. Authorities, *supra.* Yet a careful scrutiny of the testimony touching only the matter of rents in each settlement discovers at most only a negligent failure to rent the land for certain years, and in other years a negligent failure to rent the land for as much as it was worth. For instance, the failure to rent the land for the years 1892 and 3 and the renting of same for the improvements put on it in 1894. And the renting of the land in other years for a less sum than appellant could, with ordinary prudence, have got for it—these were matters for, and were considered by, the probate court. An exhibit in the record shows that exceptions were filed to the tenth settlement of the guardian, in which all the matters here complained of were specifically called to the attention of that court. If the court ruled erroneously in confirming the settlements in the particulars named,

they were such errors as should have been corrected on appeal. Authorities, *supra.*

The burden of proof was upon appellee and cross-appellant to make good the charges of fraud, and we are of the opinion that there is no direct proof to show it, and no facts and circumstances shown from which the law would raise the presumption of fraud. The conduct of appellant, as shown by the proof, even though it may have been negligent, was nevertheless consistent with honest purpose.

Taking up the items separately, the testimony of Walden shows that he paid in cash for rent of the land for the year 1888 $135, and that he also paid $15 in work. The guardian charged himself with only $124, making a difference of $11. But appellant says that he paid $25 or $30 for improvements that year, which would account for the difference. For the years 1889 and 1890 the appellant charged himself with rent received $265, while two witnesses testify that they paid $300 for the rent of those years. But these witnesses were subtenants of Joe Cowling, Sr., and paid the rents to him. The appellant explains this by saying that while the place was rented to Joe Cowling, Sr., for $300 for the years 1889 and 1890, yet he had to make allowances to Cowling for improvements, and that the record of his settlement in the probate court showed what he received. The chancellor erred in setting aside the settlement for $265 and restating the account, and in charging appellant $300 for the rent of those years. The evidence was not sufficient to show fraud in this settlement. For the year 1891 the guardian charges himself with rent $75. The chancellor set it aside, and charged him $100. Nelson says of this that, while he was to get $150 rent for the place during that year, he also made allowances for improvements, and that the record of the accounts would show what he received; that he accounted for everything. There is no other evidence than his to show just what was received for the year 1891, and certainly fraud could not be predicated upon his testimony as to this settlement.

The testimony shows that for the years 1892 and 1893, the place was not rented, and for the year 1894 it was rented for the repairs. For these years and the years succeeding down to 1901, inclusive, the chancellor set aside the settlements and charged the

guardian, not what he actually received, but according to what, in the judgment of the chancellor under the proof, he should have received. This was error, as we have already shown. There was no fraud in the mere mismanagement or negligent management of appellant as to renting the land.

The allowances for interest and for services and for improvements made by appellant were likewise matters for the probate court, subject to correction, if erroneous, on appeal.

There was nothing in any of these upon which to base a charge of fraud, and the chancery court erred in taking original jurisdiction over them. For the errors indicated, the decree will be reversed, and decree will be entered here, dismissing the complaint for want of equity.