## STUBBLEFIELD *v.* STUBBLEFIELD.

### Opinion delivered December 2, 1912.

1. GUARDIAN AND WARD—EXCEPTIONS TO SETTLEMENT—TRIAL BY JURY.— A trial by a jury of exceptions to a guardian's settlement in the probate court is not contemplated by law.   (Page 595.)

2. SAME—FINAL SETTLEMENT—CONCLUSIVENESS OF PRIOR SETTLEMENT.— The court, on a final settlement of a guardian's account, should take as basis of settlement the last prior settlement made by him unless an affirmative showing is made that at the time of its approval there was property in the guardian's hands not included in such settlement.   (Page 597.)

3. SAME—SETTLEMENT—INTEREST.—Where a guardian's final settlement did not show how much of the balance was represented by notes, and all the notes offered in evidence bore interest at the rate of 10 per cent per annum, interest will be charged at the rate of 10 per cent per annum.   (Page 597.)

4. SAME—SETTLEMENT—CREDITS.—Where, in proceedings for a final settlement of a guardian's accounts, the parties treated certain notes as worth their face value in money, the court, on the notes being surrendered by the administratrix of the deceased guardian, must give credit for the balance due on the face of the notes. (Page 597.)

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; reversed.

*Witt & Schoonover,* for appellant.

*T. W. Campbell,* for appellee.

SMITH, J.   This action originated in the Randolph County Probate Court, and involved the correctness of a final settlement made by the administratrix of a deceased guardian. E. H. Stubblefield in his lifetime was guardian of certain

minors, who are referred to throughout the record of this case as the "Bryan heirs." The last settlement made by him was filed August 15, 1906, and showed a balance due his wards of $482.71. This settlement was duly approved by the probate court, although it does not appear of what this balance consisted, but in all probability it consisted to a large extent, if not entirely, of notes taken by him for various loans of money belonging to his wards. The said E. H. Stubblefield died July 17, 1909, without having made any further settlement of his guardianship, although he continued to act in that capacity, collecting old loans and making new ones, and otherwise managing the estate in his charge. Upon his death his wife filed what purported to be a final settlement of his guardianship, showing various debits and credits and a balance due of $213.86.

After the death of E. H. Stubblefield, letters of guardianship on the estate of said minors were granted to one J. D. Stubblefield, and he filed exceptions to the settlement of the administratrix, alleging that at the death of E. H. Stubblefield he had in his hands certain promissory notes belonging to his wards with which he was not charged in his settlement, and that, after all proper credits had been given, there still remained a balance due of $642.69. He also excepted to the allowance of the credits asked by the administratrix, which included certain sums of money alleged to have been paid the minors and himself as their guardian together with certain attorney's fees, taxes, and court costs and compensation in the sum of $50. It was contended in the exceptions that the compensation asked was excessive, and it was prayed that only such of the other credits be allowed as were covered by vouchers that might be produced.

The case reached the circuit court on appeal, where the present guardian demanded a trial of his exceptions before a jury, and this demand was granted, over the objections and exceptions of the administratrix, and much of the confusion of the record in this case flows from the acquiescence in this demand. While we do not reverse this case because of the trial court's action in awarding a jury, we do take this occasion to again disapprove the practice of submitting the decision of exceptions to settlements in the probate court to the verdict

of a jury. Judge EAKIN said, in the case of *Crow* v, *Reed*, 38 Ark. 485: "A trial of exceptions by a jury in the probate court is not contemplated by law. The function of the county and probate courts in such matters is rather that of an auditor, clothed with judicial power or that of a master stating an account. It is not usually such matters as juries can perform. Any circuit court has the power, under the Code practice, to order any special issue or issues to be tried by a jury which before the Code might have been so tried. But that has no application to the probate courts. It would not do to have exceptions to accounts burdened with the cost of jury trials. The judges must take the responsibility of determining the facts as well as the law."

Upon the trial the jury made no finding as to the credits asked for, except that of compensation which was allowed in the full amount claimed, and neither the briefs of counsel nor the transcript itself shows what became of the other credits, and we may only conjecture whether the jury treated them as unexcepted to and therefore unnecessary to be considered by them; or whether, on the other hand, they regarded the credits as being without proofs to support them and were for that reason not considered at all. There was both a general and a special verdict in the case, which apparently are in conflict; or at least their effect is not clear to us, and in the preparation of the judgment there may have been information or explanation before the court, and which we do not have, but the court entered up a judgment which appears to us to be an improper one.

At the trial, proof was offered as to all the notes shown to have been in the hands of the guardian and his administratrix, notwithstanding two of the notes were shown to have been dated prior to the guardian's settlement, and there was evidence in regard to his possession of three other notes, the dates of the execution and payment of which are not shown. The good faith and fair dealing of this guardian is not questioned by the appellee, but, on the contrary, a compliment, no doubt well deserved, is paid his fidelity and diligence, but appellee says that his settlement did not include all the notes in his hands. This settlement appears to be a common account against all of his wards, but no point is made here of

that fact, and these funds will no doubt be properly distributed when this guardianship is finally closed.

Proof offered by the appellee tended to show, and did in fact show, that, first and last, there were in the hands of E. H. Stubblefield, and afterwards in the hands of his administratrix, notes for a sum considerably in excess of the amount for which the guardian and his administratrix charged themselves in the settlement, but it is equally as certain that this resulted in part from relending the same money. And, as to at least one of these notes, the proof on the part of appellee showed that the money loaned belonged in part to the guardian individually and to his wards, and some of the notes which were taken to himself individually were evidently for money belonging to his wards. In other words, this appears to have been an estate administered by an honest man, who had only limited knowledge in keeping accounts.

This case will be reversed and remanded with directions to the court below to state this account without a jury, and in doing so the court will take, as a basis for settlement, the sum shown to have been due in the guardian's settlement of August 15, 1906, unless an affirmative showing is made that at that time there was either money or notes or other property in his hands not included in that settlement. Interest must be charged at the rate of 10 per cent. per annum, because the settlement does not show how much of the balance is money nor how much is represented by notes, and all the notes offered in evidence appear to have borne interest at the rate of 10 per cent. per annum. After charging interest at this rate, the court will determine what part of the credits asked should be allowed, and the balance will be the sum for which judgment will be rendered.

It appears that, under the directions of the court below, the administratrix surrendered to the clerk of the county court the notes remaining in her hands, and during the progress of the litigation one of the notes matured and was paid to the clerk. The parties treated the notes in question as being worth their face value in money, as approved personal indorsements appear to have been exacted in each instance, and the court will allow credit for the full balance due upon

the face of the notes surrendered in obedience to its order, and the administratrix will have credit therefor.