MOORE *v.* ALLEN.

Opinion delivered December 13, 1915.

1. GUARDIANSHIP—SURCHARGING ACCOUNT—EQUITY JURISDICTION.—When a guardian's settlement has been confirmed by the probate court, any error therein must be corrected by appeal; and equity may interfere only to correct fraud, relieve against accident, or upon

some other ground of acknowledged equity jurisdiction, to prevent irremediable mischief.

2.  GUARDIAN'S SETTLEMENT — FRAUD — EQUITY — JURISDICTION.— When fraud is a ground for impeaching a guardian's settlement in equity, actual or constructive fraud will suffice, but the acts constituting it must be specifically alleged and proved.

3.  GUARDIANSHIP—SEPARATE ACCOUNTS—RIGHT OF WARD.—A guardian must file separate accounts with each ward, and the remedy lies at law, to have improper settlements made in that respect, corrected.

4.  GUARDIANSHIP — SURCHARGING ACCOUNT — EQUITY JURISDICTION.—A charge that a guardian, who was also tenant of his ward's land, had not paid sufficient rent, does not give a chancery court jurisdiction to surcharge and falsify the guardian's account for fraud.

5.  GUARDIANSHIP—ACCOUNTS—IRREGULARITIES—FRAUD.—A charge by a ward that his guardian failed to make separate settlements, when there were several wards, while showing an irregularity, does not charge fraud.

Appeal from Craighead Chancery Court; *Charles D. Frierson,* Chancellor; reversed.

STATEMENT BY THE COURT.

This suit was instituted by the appellee in the chancery court against the appellant Moore and the other appellants as sureties on his bond as guardian of appellee to surcharge and falsify the settlements made by the guardian with the probate court.

The complaint, after alleging that the appellee was one of four children of T. C. Murray, deceased, all of which children were minors at the date of the death, of said Murray, alleged that her father died seized of certain lands, which she described; that the appellant, C. S. Moore, was first appointed administrator of her father's estate, and upon final settlement as such administrator he was by the probate court appointed guardian and curator of herself and the other children; that as such guardian he filed his annual settlements for the years 1907, 1908, 1909, 1911, 1912 and 1913; that in his first annual settlement as guardian he credited to the estate of Murray the amount received from himself as administrator, towit: $508.67; that the settlement made with the appellee and the others was a joint settlement, and each of the subsequent settlements were likewise joint settlements,

and that Moore as guardian had never filed separate settlements with the plaintiff (appellee here) at any time, showing what amount he was due the appellee separately for her interest in cash on hand or rents and profits, or her income from the estate from any source whatever. She alleged that the lands described in her complaint constituted the homestead of her father at the time of his death; that they were of the rental value of $5 per acre, and that Moore, as guardian, had lived upon the lands during all the time since her father's death, cultivating the same, and had accounted for nominal rental only to the probate court of Craighead County; that the amount of rents thus accounted for by him was unreasonably low, unjust and inequitable, and that he had failed and refused to account to the plaintiff for any sum or to reveal in his settlements with the probate court whether he was due the plaintiff (appellee) individually any sum whatever; that his first annual settlement showed that he had received the sum of $508.67, which should have been distributed equally among the four children of Murray, and she should have received her individual share of the proceeds upon her becoming of age on the 10th day of September, 1910, but that since said date the guardian had refused to account to her, or to the probate court for her, in any sum; that this first annual settlement was fraudulent because it did not show the amount of money due each of his wards received by the guardian from the sale of personal property or otherwise, and by reason of his failure to compute interest annually upon the sum due each of his wards and to charge himself therewith annually until the date of his final settlement, and that each settlement subsequent to the first was fraudulent for the same reason; that by reason of the defective, illegal and fraudulent settlements, Moore, her guardian, was due her several hundred dollars. She prayed that a master be appointed, and that he be directed to reopen all the accounts and settlements made with the probate court, and that said settlements be corrected and adjusted, and that she have judgment against the appellant and his bondsmen for such sums as might be found due.

Appellants answered jointly and severally, admitting the allegations as to the death of Murray, the number of his heirs, the relationship of guardian and ward as set up in the complaint, and also as to the ownership of the lands described, and that Moore had had possession of the same as guardian under the orders of the probate court. The answer admitted that Moore had filed the several annual settlements, but denied that he had failed to account to the estate and the heirs in each of these settlements for the full amount due. He denied that he fraudulently failed to make full and correct settlements in each and every settlement; alleged that he had accounted for all rents and profits due the estate, and for all amounts due from every source. He denied that the amount of rents was only for a nominal sum, He set up that the full amount due to the appellee had been shown by the final settlement in the probate court, and that she had been tendered said amount and refused to accept the same. He set up that the suit for distribution should be denied plaintiff (appellee) for the reason that the amount in controversy was the proceeds of the homestead; that the appellant (Moore) was the guardian for the two minor brothers of the appellee, who were still minors, and that the proceeds from the homestead were not subject to distribution until the youngest child had attained majority. He further alleged that the suit should not be maintained for the reason that there was an adequate remedy at law. He attached to his answer a copy of the judgment of the probate court approving the final settlement of the guardian with the appellee, and prayed that the complaint be dismissed.

The cause was heard upon the complaint, the demurrer thereto, the answer and the depositions of witnesses, and upon the report of the master who had been appointed by the court to state an account between the parties. The court, after revising each of the settlements with the probate court, beginning with the first, which was filed April 22, 1907, and all the settlements subsequent thereto, including the eighth settlement, filed April 29, 1914, found that the guardian was due the appellee the

sum of $294.20, and rendered judgment against the guardian (Moore) and the sureties on his bond in that sum, from which judgment the appellants duly prosecute this appeal.

Appellant, *pro se.*

1. The demurrer should have been sustained. The complaint did not allege facts constituting fraud on the part of the guardian sufficient to bring the case within the jurisdiction of the chancery court. 77 Ark. 351, and cases cited. The acts constituting fraud must be specifically alleged and proved. 51 Ark. 1; 45 Ark. 505; 42 Ark. 186; 34 Ark. 63; 33 Ark. 727.

2. There was an adequate remedy at law by way of an appeal. 92 Ark. 41; 106 Ark. 552; 77 Ark. 351; 112 Ark. 71. There being an adequate remedy at law the chancery court has no jurisdiction. 106 Ark. 552, loc. cit. 559.

3. There was no proof of fraud on the part of the guardian. 77 Ark. 351, loc. cit. 354.

4. The fund derived from the rents and profits of the homestead is not subject to distribution until the youngest child attains majority. Kirby's Digest, § 3882; 21 Cyc. 496; 89 Ark. 168; 87 Ark. 428; 83 Ark. 196; 31 Ark. 145.

*H. M. Mayes,* for appellee.

Were the complaint indefinite and uncertain, a motion to make more specific was the proper remedy.

Where fraud is ground for impeaching such settlement, actual or constructive fraud will suffice. 77 Ark. 351.

The guardian is required to make annual settlements with the probate court and failure to do so makes him liable to attachment and imprisonment. Kirby's Digest, § 3820; 38 Ark. 482; 112 Ark. 141.

Wood, J., (after stating the facts). (1) The demurrer, which was overruled, and to the overruling of which appellants excepted, challenged the jurisdiction of the chancery court, under the allegations of the complaint, to grant the relief prayed therein.

In *Nelson* v. *Cowling*, 89 Ark. 334-8, we said: "In the absence of some recognized ground of chancery jurisdiction the judgment of confirmation of the probate court is conclusive of all matters embraced in the settlement, for they may be said to be adjudicated, but the judgment is not conclusive as to matters omitted from the account, for these matters have not been examined or considered by the court and that which has not been tried can not be said to be adjudicated. Therefore, they may be surcharged in subsequent settlement."

See also, *Nelson* v. *Cowling*, 77 Ark. 351-355, where, quoting from *Trimble* v. *James,* 40 Ark. 393, we said: "When these settlements have been duly confirmed, the orders of confirmation have the force and effect of judgments, which, if erroneous, may be corrected by appeal. Courts of chancery, however, may interfere to correct fraud, or relieve against accident, or upon some other ground of acknowledged equity jurisdiction, to prevent irremediable mischief." Citing cases.

2. In *Nelson* v. *Cowling,* 77 Ark. 351, we held that a complaint which charges a guardian with having failed to account for money he had received as guardian stated a cause of action within the jurisdiction of a court of chancery. In the last case we also held that where fraud is a ground for impeaching the guardian's settlement in equity, actual or constructive fraud will suffice, but the acts constituting it must be specifically alleged and proved.

(3) Now tested by these decisions, the allegations of the complaint did not give the chancery court jurisdiction to surcharge and falsify the settlements of the guardian. The allegations of the complaint showed that the appellee, Jennie Allen, had a complete and adequate remedy at law, by appeal, to have the settlements corrected and made in the manner which she now alleges they should have been made.

In *Crow, Guardian* v. *Reed,* 38 Ark. 482, we held, (quoting syllabus): "A guardian must file separate accounts with each ward. A consolidated account for sev-

eral wards should be stricken out by the court of its own motion.''

The appellee came of age in 1910, and it is alleged in the complaint that at least three settlements were made subsequent to that time. In each of these settlements, by calling the matter to the attention of the probate court, she could have had a separate account stated by the guardian with herself, and could have had the settlement made by him with her, made in conformity with the doctrine announced in *Crow, Guardian* v. *Reed, supra,* if she had moved the court for such a settlement; and if the court had denied her such settlement it would have been error which would have been corrected by appeal.

(4) It will be observed that the complaint in this case does not allege that the appellant guardian had withheld in his settlement any funds due his ward for which he should account. It is not alleged that he had concealed anything from the probate court by failing to report any sums collected by him and that were due his ward. In regard to the rents, that charge is not that he had failed to pay over the amount of rents actually collected by him or which he, as tenant, had paid for the land, but that he had not paid a sufficient amount and had only charged himself with a nominal sum when he should have charged himself with more. These allegations, according to the above cases, do not give the chancery court jurisdiction to surcharge and falsify the account of the guardian for fraud. The remedy for such delinquencies and omissions, which would constitute negligence in the guardian, are to be corrected by the probate court, or, upon its refusal to correct them, by appeal from its judgment.

(5) The further facts charged to constitute fraud in the settlements are that they were ''joint settlements,'' and that ''the said guardian has never filed a separate settlement as guardian of the plaintiff herein at any time showing whatever interests, if any, were due by him to her for any cash on hand or for any rents, profits or income from any source whatever;'' and that it did not show that the settlement was fraudulent inasmuch as ''it does not

show the amount of money due each of his wards" which was received by him, etc.

These allegations are sufficiently specific, and they show irregularities and errors in the manner in which the guardian made his settlements with the probate court, but they do not constitute fraud.

The chancery court erred therefore in overruling the demurrer to appellee's complaint and rendering final judgment against the appellants, for which error the judgment will be reversed and judgment final will be rendered here dismissing the complaint for want of equity.