Myers *v*. Wheatley.

Opinion delivered May 10, 1920.

1. Guardian and ward—exceptions to final account.—Where a ward excepted to her guardian's final settlement on certain grounds, and subsequently brought a suit in equity to surcharge and falsify the settlement upon the same grounds, the judgment of the probate court approving the settlement is *res judicata.*

2. Guardian and ward—ratification of expenditures.—Where a ward, after reaching majority, on trial of exceptions to her guardian's final settlement, testified that she was willing to pay for anything that she had received from her guardian, and that he should receive credit for whatever he had furnished her, the probate court was justified in finding that she ratified expenditures of all matters in such settlement to which she made no objection, and she can not claim, upon suit in equity to surcharge and falsify his account, that certain credits which were not excepted to were improperly allowed.

Appeal from Randolph Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

STATEMENT OF FACTS.

Ethel Alton Myers brought this suit in equity against J. A. Wheatley and United States Fidelity & Guaranty Company to surcharge and falsify the final account-current of J. A. Wheatley as her guardian.

It appears from the record that J. A. Wheatley, as guardian of Ethel and Jesse Alton, minors, filed two annual accounts current with the probate court showing the state of his accounts as guardian of said minors. On January 15, 1919, he filed his third and final settlement in the probate court. Ethel Alton had married a man by the name of Myers and had become of age at the time the final settlement was filed in the probate court. She filed exceptions to the account of her guardian, and these exceptions were heard upon her testimony, the testimony of her guardian, and his first and second annual accounts.

Ethel Alton Myers testified in the probate court that after she had married she purchased two mules from her guardian for $300, a wagon for $50, and some feed and other things; that she had disposed of all the articles

purchased from her guardian before she became of age. These items were embraced in her guardian's second annual account.

Ethel Alton Myers gave her testimony in the present suit and again testified that she had bought these articles from her guardian while she was yet a minor and had disposed of them before she became of age. She testified that the team was not worth what she paid for it.

On the other hand, her guardian, J. A. Wheatley, testified that after she married she bought the team, wagon and other things from him to be used by her husband in farming and that they were worth what she paid for them.

Other testimony will be referred to in the opinion.

The chancellor surcharged the guardian's account as to certain items and dismissed the complaint of the plaintiff as to the others.

The plaintiff has appealed.

*J. L. Taylor,* for appellant.

The court erred in finding that appellant had fully ratified the expenditures complained of. The settlements of the guardian show expenditures greater than her income and contrary to law, and the evidence, shows that she never ratified them. Kirby's Digest, § 3792; 63 Ark. 450-1; 83 *Id.* 223. She not only has not ratified the illegal acts of her guardian, but she has expressly disaffirmed them by bringing suit. 44 Ark. 293. She is not required to restore the consideration. 51 Ark. 294.

The court in passing on the final settlement did not have jurisdiction to inquire into the first and second settlements. 105 Ark. 594.

*Jerry Mulloy* and *E. G. Schoonover,* for appellees.

1. Appellant has failed to incorporate her exceptions to the settlements incorporated in the transcript, and has failed to mention them in her abstract, in disregard to rule 9. 88 Ark. 449; 143 S. W. 159; 103 Ark. 430; 147 S. W. 445.

2. The court had jurisdiction of the subject-matter. Kirby's Digest, § 1340. Appellant is estopped to assert her claims in the suit at bar. 15 R. C. L. 963; 21 Cyc. 1541-1578; 23 *Id.* 511; 19 Ark. 420; 18 *Id.* 332; 41 *Id.* 78; 70 *Id.* 203; 80 *Id.* 309; 81 *Id.* 405.

The orders of the probate court on the settlements were judgments and appealable, but can not be otherwise attacked except for fraud or some well recognized ground of equitable relief. 121 S. W. 1056; 23 Ark. 228; 37 *Id.* 318; 40 *Id.* 219. The judgment of the probate court was conclusive against it. 165 S. W. 259; 46 Ark. 260; 15 R. C. L., pp. 1008-1012.

Appellant had an adequate remedy at law by appeal and can not seek relief in equity. 181 S. W. 908.

No fraud is alleged against the guardian, and the facts and circumstances of any fraud must be set out and distinctly charged. 35 Ark. 555; 17 *Id.* 603; 14 *Id.* 360; 20 *Id.* 526; 34 *Id.* 63; 44 *Id.* 496; 24 *Id.* 459.

Fraud is never presumed but must be proved. 99 Ark. 45; 37 *Id.* 135; 38 *Id.* 419; 92 *Id.* 502. And the burden is on the one alleging it. 12 R. C. L. 416. Evidence of fraud must be clear and satisfactory. 12 R. C. L. 436; 10 Ark. 211; 63 *Id.* 16.

No proof of fraud was made or adduced as defined by law. 20 Cyc. 8; 181 S. W. 908.

Appellant kept the mules and never offered to place the guardian *in statu quo*. 65 Ark. 392; 67 *Id.* 236; 74 *Id.* 241; 55 *Id.* 326; 50 *Id.* 217; 40 *Id.* 393; 15 R. C. L. 737; 1 Pom., Eq. Jur., par. 385. Appellant ratified the purchase of the mules when she retained the mares after reaching her majority. She also ratified the purchase of the wagon and the payment of her note and other acts. 14 R. C. L., p. 246, par. 25; 20 Ark. 600. See, also, 88 Ark. 223; 103 S. W. 170; 16 Cyc. 148.

HART, J. (after stating the facts). It appears from the record that the item of $300 for the purchase of the mules and the item of $50 for the purchase of the wagon were embraced in the exceptions to the third and

final account-current of the guardian. The plaintiff, Ethel Alton Myers, was then of age and filed exceptions to her guardian's account. The guardian and the ward both testified in that proceeding about the same items and their testimony was practically the same as it is in the present case.

The court found against the ward in favor of the guardian upon the exceptions to his third and final account-current. This was a judgment of the court which was conclusive as to these items and the matter is now *res adjudicata.* All questions relating to these items were necessarily involved in the exceptions to the final settlement of the guardian in the probate court. The approval of the final settlement was an adjudication of all matters involved in it; and if the ward thought the judgment confirming her guardian's account was erroneous, she should have appealed. *Nelson v. Cowling,* 77 Ark. 351; *Nelson v. Cowling,* 89 Ark. 334; *Beakley* v. *Cunningham,* 112 Ark. 71, and *Moore* v. *Allen,* 121 Ark. 335.

It is also claimed by counsel for the plaintiff that the accounts should be surcharged and falsified because they show that the guardian expended for the maintenance of the ward more than the clear income of the estate without having previously obtained an order of the probate court therefor, and that the case comes within the rule announced in *Campbell* v. *Clark,* 63 Ark. 450. Therefore counsel claims that the accounts should be restated by giving such credits only as the probate court should have allowed in the first instance and that the court erred in holding that the guardian might obtain credits exceeding the income of his ward's estate.

As we have already seen, the ward was of age at the time the guardian filed his third and final settlement. She filed exceptions to his account and strenuously opposed his getting credit for certain items. The record shows that the first and second annual accounts of the guardian were thoroughly gone over in that proceeding. The ward stated in plain terms in that proceeding what

items of her guardian's account she objected to. No objection was urged to the account that she was not of age at the time certain items were furnished to her and that these items exceeded the income of her estate. The items in question were necessaries, and she does not complain that she did not receive them.

On the trial of the exceptions she testified that she was willing to pay for anything that she had received from her guardian, and that he should receive credit for whatever he had furnished her.

Under the circumstances, the probate court was justified in finding that she ratified the expenditure of all matters in the final settlement to which she made no objection. It is true that judgments of this sort are not to be extended by mere intendment, to matters not necessarily involved in the determination; but it is equally clear that all questions necessarily involved in the inquiry then before the court must be regarded as finally and conclusively settled by the adjudication in that proceeding. In that proceeding the whole state of the accounts between the guardian and the ward was gone into and the court, after restating the account in certain particulars, confirmed it. The ward being then of age and having filed exceptions as to all items of the first and second annual settlement, the court was justified in finding against him on the point now under consideration. *Hudson* v. *Newton,* 83 Ark. 223.

Counsel for plaintiff places much reliance in the case of *Stubblefield* v. *Stubblefield,* 105 Ark. 594. We do not think that case has any application to the facts in the present case. There the judgment was reversed and the lower court was simply directed to take as a basis for settlement the sum shown to have been due in the guardian's last settlement unless an affirmative showing should be made that there were notes or other property in his hands not included in that settlement. The very basis of the exceptions to the guardian's final settlement in the probate court as shown by the record in the present case

was that the court had erred in allowing certain credits to the guardian.

As we have already seen, testimony was taken as to these items and they were adjudicated in that proceeding. If the ward thought the judgment of the court was erroneous, she should have taken an appeal.

Therefore, the decree will be affirmed.