RUSSELL *v.* CITY OF ROGERS.

5-3285                                                    382 S. W. 2d 378

Opinion delivered September 21, 1964.

[Rehearing Denied October 26, 1964.]

*Jeff Duty,* for appellant.

*Bob Scott,* for appellee.

ED. F. McFADDIN, Associate Justice. This is the second appearance of this case. See *Russell* v. *Rogers,* 236 Ark. 713, 368 S. W. 2d 89. The opening paragraph of the opinion on the first appeal states the situation:

"This is an action by the City of Rogers to recover judgment for $8,674.00 under an oral contract by which

the appellant Russell agreed to pay the city at the rate of $2.00 a foot for 4,337 feet of sewer line to be laid by the city in an undeveloped subdivision owned by Russell. Russell admits that the line was laid by the city. His defense is that he was induced by misrepresentation to enter into the contract. The circuit judge, considering the matter upon the pleadings and upon Russell's testimony in a deposition offered by the city, sustained the city's motion for a summary judgment in the full amount sued for.''

We held that the summary judgment should not have been granted and remanded the case for a trial on the merits. Such trial was had to a jury and the City of Rogers recovered verdict and judgment against appellant, Mr. Russell, for $8,674.00. Mr. Russell prosecutes this appeal, claiming one point:[1] ''The verdict and judgment is contrary to the law and the evidence.''

Mr. Russell insists that he was misinformed by the City of Rogers. He claims that he was told—and the City of Rogers admits that he was told—that the cost of the line would be $2.00 per foot, if paid on completion of the work, but it would be $4.00 per foot if paid later when connection was desired. Mr. Russell claims that he was promised that all property owners would be treated the same; and that such was not true. When Mr. Russell admitted the original contract with the City, he thereby admitted that he owed the City $8,674.00, *unless* (a) the statement that all would be treated alike was a material part of his contract, and (b) the City acted fraudulently in failing to advise him of contracts subsequently made with other property owners. When Mr. Russell admitted the original contract, the City had made its case, and the burden was on Mr. Russell to prove that he was excused from the contract because of fraudulent and material misrepresentations by the City. *Nelson* v. *Cowling*, 77 Ark. 351, 91 S. W. 773, 113 A.S.R. 155; *Mazander* v.

[1] The case was submitted to the jury under instructions covering material and fraudulent misrepresentations. Mr. Russell made no objections to any of the instructions and did **not** ask the Court for an instructed verdict in his favor.

*Reed,* 233 Ark. 511, 345 S. W. 2d 469; *Clay* v. *Brand,* 236 Ark. 236, 365 S. W. 2d 256.

Did Mr. Russell establish his claim of fraudulent and material misrepresentations? It was definitely shown that the representations regarding $2.00 and $4.00 were true when made in February 1961; that in April 1961 a different contract was made with persons situated differently from Mr. Russell; but that not one situated as was Mr. Russell was treated differently than was Mr. Russell. The City showed that Mr. Russell's property (Hillcrest Addition) was at the end of the line away from the disposal outlet, and that $16,000.00 was expended to connect Mr. Russell's property to the system. There was evidence from which the jury could have concluded in favor of Mr. Russell; or could have decided—as it did—for the City. In other words, there was ample evidence to sustain the verdict and judgment rendered.

Affirmed.