## Nelson v. Cowling.

### Opinion delivered February 8, 1909.

1. INSANE PERSON—RIGHT TO APPEAL.—Taking an appeal from a judgment of the probate court confirming a settlement of the guardian of an insane person does not constitute the bringing of an action within Kirby's Digest, § 5075, providing that an insane person entitled to bring an action may do so within three years after his disability is removed. (Page 337.)

2. SAME—CONCLUSIVENESS OF CONFIRMATION OF GUARDIAN'S ACCOUNT.—In the absence of some recognized ground of chancery jurisdiction, a

judgment of the probate court confirming the settlement of the guardian of an insane person is conclusive of all matters embraced in the settlement, where no appeal is taken therefrom within the period of 12 months after the rendition thereof. (Page 338.)

3. SAME—SETTLEMENT OF GUARDIAN'S ACCOUNT—EXCEPTIONS.—Upon appeal from an order of the probate court confirming the account of a guardian of an insane person, the court will review the various items of the account, whether exceptions were saved to them in the probate court or not. (Page 338.)

4. SAME—RIGHT OF GUARDIAN TO INTEREST.—Where the guardian of an insane person was removed in 1903, and neglected to settle his accounts until 1907, he will not be allowed interest on a balance shown by his preceding settlement to be due him from such insane person. (Page 338.)

5. SAME—LOSS OF FUNDS IN BANK.—Where, after a guardian of an insane person was removed by the probate court and pending an appeal from the order of removal, such guardian claimed the right to receive the rents from the insane person's estate, and by agreement between him and his successor and the probate judge the rents were placed in a bank to await the result of such appeal, and were lost in the subsequent insolvency of the bank, the former guardian is not liable for such loss. (Page 339.)

6. SAME—NATURE OF PROCEEDINGS IN PROBATE COURT.—Guardianship proceedings in the probate court are not actions within Kirby's Digest, § 5075, providing that an insane person entitled to bring an action may do so within three years after his disability is removed, but are special proceedings within the meaning of Kirby's Digest, § 5977. (Page 340.)

7. SAME—CONCLUSIVENESS OF CONFIRMATION OF GUARDIAN'S SETTLEMENT.—Where the settlement of the guardian of an insane person for a particular year has been confirmed, the question whether the guardian negligently failed to rent the insane person's land at all during that year or for as much as it ought to have brought was a matter considered by the probate court and concluded by its judgment. (Page 341.)

Appeal from Howard Circuit Court; *James S. Steel,* judge; reversed.

### STATEMENT BY THE COURT.

On April 13, 1907, S. C. Cowling as guardian of Bettie Jones, an insane person, filed petition in the probate court of Howard County, alleging that prior to the year 1903, J. J. Nelson had been her guardian for about ten years, and as such guardian had the exclusive control and charge of all her prop-

erty; that during the year 1903 he was discharged from said guardianship, and has since died. That neither he nor his administrator, J. A. Nelson, has ever made a final settlement of his guardianship with the probate court.

There was a prayer for a citation to compel the administrator of the deceased guardian to account. A citation was duly issued. In response to it, the administrator stated that a final settlement had been filed, but had never been acted upon by the court; that the records of the probate court failed to show the filing of said account, and that the same had now become lost or mislaid.

On the 12th day of October, 1907, said administrator filed in the probate court a final settlement of his intestate's account with Bettie Jones. Exceptions were filed to it by Cowling, the present guardian. Upon a hearing, the court found the settlement to be correct and confirmed it. On the same day Cowling filed his affidavit and prayer for appeal to the circuit court, which was granted.

On a trial in the circuit court, the presiding judge examined the nine previous settlements of J. J. Nelson as guardian of Bettie Jones, the last of which had been approved and confirmed by the probate court on April 26, 1900, heard testimony pertaining to the same, and rendered a judgment ordering the probate court to restate all of the accounts of said Nelson as guardian in conformity with his findings.

From this judgment an appeal has been duly prosecuted to this court.

*Sain & Sain* and *T. D. Crawford,* for appellant.

Settlements, when confirmed, have the force of judgments, and are binding upon the probate court as well as all other courts. 77 Ark. 355.

*J. W. Bishop* and *W. P. Feazel,* for appellee.

The judgment of the lower court should be affirmed for failure to properly abstract the evidence. 78 Ark. 374; 55 *Id.* 547; 58 *Id.* 448. Appeal will lie from judgments of confirmation of guardian's settlements. 77 Ark. 355; 69 *Id.* 446. The court should protect the rights of infants and lunatics, whether they have strictly complied with the statute regulating appeals or not.

60 Ark. 526. Taking an appeal from a confirmation of a guardian's settlement is the bringing of an action within Kirby's Digest, § 5075, saving the rights of insane persons to bring actions after removal of their disabilities.

HART, J., (after stating the facts.) The appeal in this case raises the question of whether the nine previous settlements are involved in this proceeding, an appeal not having been taken from the judgments of the probate court confirming them within 12 months after each of them was rendered.

Section 5075, Kirby's Digest, reads as follows: "If any person entitled to bring any action, under any law of this State, be, at the time of the accrual of the cause of action, under 21 years of age, or insane, or imprisoned beyond the limits of the State, such person shall be at liberty to bring such action within three years next after full age, or such disability may be removed."

Counsel for appellee insists that this section takes this case out of the requirements of section 1348 of Kirby's Digest, which provides that all appeals from judgments of the probate courts shall be taken within 12 months from the rendition thereof. Their contention is that an appeal from the judgment of confirmation of a probate settlement constitutes the bringing of an action within the meaning of section 5075 of the Digest. We do not think so. Section 34, art. 7, of the Constitution vests the probate court with exclusive original jurisdiction relative to the estates of deceased persons, executors, administrators, guardians and persons of unsound mind.

The section following provides that "appeals may be taken from judgments and orders of the probate court to the circuit court under such regulations and restrictions as may be prescribed by law."

The Legislature restricted the appeals to a period of time within 12 months after the judgment was rendered.

We think it clearly deducible from the sections of the Constitution above quoted that its framers contemplated that an existing controversy should be an essential requisite to appellate jurisdiction, and that an appeal should be but a continuation of the suit below, and not the bringing of a new action.

In the case of _Phelps_ v. _Buck_, 40 Ark. 220, it was held that

the confirmed settlements of guardians in the probate court can not afterwards be disturbed except in chancery for fraud or some other recognized ground of chancery jurisdiction.

In the absence of some recognized ground of chancery jurisdiction, the judgment of confirmation of the probate court is conclusive of all matters embraced in the settlement; for they may be said to be adjudicated. But the judgment is not conclusive as to matters omitted from the account; for these matters have not been examined or considered by the court, and that which has not been tried cannot be said to be adjudicated. Therefore they may be surcharged in subsequent settlements. Woerner on the Law of Administration, vol. 2, pages 1126 and 1128; *Hankins* v. *Layne,* 48 Ark. 544.

The record does not disclose that any items were left out of the previous settlements which should have been included therein; but it affirmatively shows that all the items relative to these settlements which are now complained of were embraced therein, and that they were considered by the probate court before the accounts were confirmed. We think, therefore, it is clearly deducible from the authorities *supra* that the judgments confirming the previous settlements, whether erroneous or not, are now *res judicatae,* for the reason that no appeal was taken therefrom within the period of 12 months next from the rendition thereof.

This brings us to a consideration of the 10th settlement. No exception is made to the action of the probate court in allowing interest on the amount claimed to be due the estate of the former guardian; but exceptions were not necessary. It was said in the case of *Crow* v. *Reed,* 38 Ark. 482: "The probate judge should not wait to be moved to correct errors in accounts of such fiduciaries as he is required to supervise, but should refuse to confirm any settlement obviously improper. Otherwise the interests of minors might often be sacrificed by failure of vigilance on the part of near relatives and next friends."

In the present case the probate court removed J. J. Nelson from the guardianship in 1903, and appointed S. C. Cowling guardian in his stead. Section 4044 of Kirby's Digest provides that whenever any guardian of an insane person shall be removed from his trust he shall immediately settle his accounts, and

render to his successor the estate and effects of his ward. The record discloses that Nelson not only failed to settle his accounts, but attempted to collect the rents and to interfere with his successor in the discharge of his duties. Nelson died sometime after his removal from the guardianship, but the duty of accounting was a continuing one and devolved upon his administrator. The account in question was filed by his administrator on the 12th day of October, 1907, in response to a citation by the court. These acts and omissions constituted a gross neglect of duty. To allow a trustee interest under such circumstances would be to offer a premium for official negligence.

We are of the opinion that the conduct of the trustee has not been such as to entitle him to the favorable consideration of the court in this respect, and the item of interest on the balance due him by the insane person's estate should not have been allowed. *Polis* v. *Tice*, 28 N. J. Eq. 432; *In the matter of Henry P. Hall*, 19 Ill. App. 295.

The exceptions filed to the 10th account allege that Nelson collected the sum of $26.50 after his removal from the guardianship, for which he failed to account. We find that the proof in the record does not sustain this exception.

The circuit court also found that Nelson's account should be charged with the sum of $56.25, which had been deposited in the Howard County Bank, and was lost on account of the failure of the bank. After the order of the probate court removing Nelson from the guardianship, both he and Cowling, his successor in office, endeavored to collect the rent from the insane person's farm, each claiming to have authority to do so. Nelson claimed authority by virtue of his appeal from the order of removal, and Cowling, by virtue of his appointment as guardian to succeed Nelson. Smith, the tenant, was in doubt who was entitled to receive the rent. Finally, by agreement of Nelson and Cowling, and by the direction of the probate judge, the money was deposited in the Howard County Bank to await the result of the contest. The deposit having been made in perfect good faith under directions from the probate judge, we do not think that Nelson should be charged with the loss of it, occasioned by the subsequent insolvency proceedings against the bank.

As a result of our determination, it is ordered that the judgment be reversed with directions to confirm the 10th settlement, filed October 12, 1907, except as to the item of interest, $186.33, which is disallowed.

ON REHEARING.

Opinion delivered March 1, 1909.

HART, J. The Code of Practice in Civil Cases in Arkansas provides as follows:

"Section 2. Remedies in civil cases in this State are divided into two classes.

"First. Actions.

"Second. Special Proceedings.

"Section 3. A civil action is an ordinary proceding in a court of justice by one party against another for the enforcement of a private right or the redress or prevention of a private wrong. It may also be brought for the recovery of a penalty or forfeiture.

"Section 4. Every other remedy in a civil case is a special proceeding." Kirby's Digest, § § 5977-9.

Section 6033 of Kirby's Digest provides that a civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon.

Thus it will be seen that the matter of confirming the accounts either of guardians or of administrators or executors is not a civil action but a special proceeding.

In the case of *Riley* v. *Norman*, 39 Ark. 166, the court said that administration proceedings are much in the nature of proceedings *in rem*. By analogy guardianship proceedings are the same.

The matter of the confirmation of guardianship settlements being a special proceeding, it seems to us that section 5075 of Kirby's Digest, which extends the time within which persons under the disability of minority or of insanity may bring any action, does not refer to these special proceedings, but refers to civil actions. Hence the statute can have no application to the case at bar.

We have also considered the question whether the matter of
the confirmation of the acocunts not appealed from should be
treated as conclusive except in chancery for fraud or some other
recognized ground of chancery jurisdiction, or merely as *prima
facie* to be reviewed and restated by the court at any time be-
fore the final settlement is made.

In the case of administrator's settlements, it is expressly pro-
vided by statute that, unless exceptions are filed to the account
within the time prescribed by the statute, all persons interested
will be forever barred from excepting to such accounts or any
item thereof. While no such provision appears in the statutes
in relation to the accounts of guardians of either infants or in-
sane persons, still, as we pointed out in our original opinion,
this court held in the case of *Phelps* v. *Buck,* 40 Ark. 219, that
when the settlements of guardians have been confirmed by the
probate court, and the judgment of confirmation has not been
appealed from within the time prescribed by statute, they cannot
be disturbed save in chancery for fraud or some other recognized
ground of chancery jurisdiction. This decision was evidently
based on the ground that such proceedings are in the nature
of procedings *in rem.* This is the effect of the decision in this
case on the former appeal from the chancery court. *Nelson* v.
*Cowling,* 77 Ark. 355.

In our former opinion the writer thereof inadvertently found
in favor of appellant as to the item of $26.50. This was error.
The exceptions as to this item was conceded by counsel for
appellant in their oral argument to be well taken, and the proof
establishes that it is a proper charge to be made against ap-
pellant's intestate.

Counsel for appellee also contend that the court erred in
holding that the matter of rents for the years 1892, 1893 and
1894 had been adjudicated. In the case of *Nelson* v. *Cowling,*
77 Ark. at page 355, the court said in reference to the rents for
those years:

"A careful scrutiny of the testimony touching only the mat-
ter of rents is each settlement discovers at most only a negligent
failure to rent the land for certain years, and in other years a
negligent failure to rent the land for what it was worth, for in-
stance, the failure to rent the land for the years 1892 and 1893

and the renting of the same for the improvements put on it in 1894, and the renting of the land in other years for a less sum than appellant could, with ordinary prudence have got for it. These were matters for, and were considered by, the probate court."

Counsel for appellee call our attention to the fact that they did except to the item of interest, viz.: $186.33. Their exception to it was based, however, on their claim that the principal of $385.20 was not a proper charge, and that the balance on a proper accounting would have been in favor of the ward, instead of the guardian. This court found that some amount was due the guardian's estate by his ward's estate, but did not allow any interest because of the neglect of duty in the matter of settling with the court by the guardian. However, an examination of the record shows the exception to have been made; and we cheerfully make the correction. Otherwise it might appear that counsel had been neglectful of their client's interest, when in fact they have been zealous in guarding it, and have ably and earnestly fought the case on all issues that seemed to present a vulnerable point of attack.

It is ordered that the exception as to the item of $26.50 should be sustained, and that in all other respects the motion for rehearing is denied.