Betty SCREETON *v.* Billy Ray CRUMPLER, Executor

81-41                                                    617 S.W. 2d 847

Supreme Court of Arkansas
Opinion delivered June 22, 1981

*W. B. Guthrie, Jr., Ltd.,* by: *Robert M. Abney,* for appellant.

*Thweatt & Bayne, P.A.,* by: *James J. Bayne,* for appellee.

GEORGE ROSE SMITH, Justice. The only question here is whether the probate judge abused his discretion in dismissing, for want of good faith prosecution, the appellant's contest of the will of Sammie Elaine Screeton. We find no error.

The decedent's will was admitted to probate in Prairie county on January 16, 1980, following her death on January 10. In April the appellant, a resident of Florida, filed a petition contesting the will for testamentary incapacity and undue influence. The petition did not indicate what interest the appellant had in the proceeding. The executor promptly filed a response denying the invalidity of the will and asserting (1) that the appellant had no standing in the case because she was not a devisee, heir, or creditor of the testatrix, and (2) that the will contest was motivated by malice toward the testatrix and her beneficiaries.

In its order of dismissal the trial court found, we think with justification, that thereafter the appellant failed to proceed in good faith. First, when the court set the matter for trial on August 20 and ordered her to appear for a discovery deposition on August 1, a continuance was granted because she had "business conflicts" on both dates. The trial was reset for September 24, but her attorney obtained a continuance because she had told him she was to undergo emergency "biopsy surgery" in Texas during that week. The discovery deposition was reset for November 21, but her

lawyer apparently appeared for her and said that she would not appear without having been tendered compensation for her expenses.

The will contest and a motion for its dismissal were finally set for hearing on December 1. The executor and his counsel appeared for the hearing with several witnesses. Again the appellant did not appear. Her attorney stated that he had not heard from her that day and that she had instructed him to stand on the position that she "should be tendered her expenses for the trip to Arkansas, compensated for time lost from her employment, and any other related expenses prior to her coming to offer her testimony." The court sustained the motion to dismiss the will contest.

In seeking a reversal the appellant concedes that the trial court had discretion whether to dismiss the contest, but she insists that the court should have inquired, before dismissing it, about the appellees' ability to proceed by depositions on written questions, by interrogatories, or by requests for admissions. That argument, however, puts the responsibility for diligence on the trial judge rather than on the contestant of the will, on whom it rests. The appellant had the opportunity to request, through counsel, that the appellee be required to resort to some other procedure. She made no such request, electing instead to stand on her position that she would not even appear at the trial without a tender of her expenses. She made no move to prepare for trial, to rebut the charge that she had no standing to contest the will, or to seek a continuance. The trial judge was right in dismissing her contest.

The appellant's brief implies that the dismissal should have been without prejudice, but we do not think that procedure (as distinguished from a continuance) was available. A proceeding to probate a will is a special proceeding, not an "action" as that term is ordinarily used. *Lanning* v. *Gay,* 70 Kan. 353, 78 P. 810 (1904); *State ex rel. Coulter* v. *McFarland*, 166 Neb. 242, 88 N.W. 2d 892 (1958); *Case* v. *Case*, 124 N.E. 2d 856 (Ohio Prob., 1955); *Lillard* v. *Tolliver*, 154 Tenn. 304, 285 S.W. 576 (1926). It does not constitute a civil action within ARCP, Rules 2 and 3. A will contestant cannot

take a nonsuit under Rule 41, because such a contest is not an independent proceeding in itself. It would seriously disrupt the administration and distribution of estates if a will contest could be dismissed, voluntarily or without prejudice, and refiled at some indefinite later date. Hence the dismissal in the probate court was necessarily with prejudice.

Affirmed.