IN THE MATTER OF
THE PROPOSED ANNEXATION TO THE
TOWN OF BEAVER, ARKANSAS
(Purl Fuss Boillot - Complainant)
*v.* John R. RATLIFF et al

84-70                                    669 S.W.2d 467

Supreme Court of Arkansas
Opinion delivered May 29, 1984
[Rehearing denied July 2, 1984.*]

*PURTLE and HOLLINGSWORTH, JJ., would grant rehearing.

*Davis & Bracey, P.A.,* by: *W.H. Taylor,* for appellant.

*John O. Maberry,* for appellee.

ROBERT H. DUDLEY, Justice. The issue is whether the appellant gave the notice required in order to contest the annexation of property to the Town of Beaver. The circuit court held that notice was not given. We affirm. Jurisdiction is in this court under Rule 29 (1)(c) as the case requires construction of acts of the General Assembly.

Arkansas statutes provide for two principal methods of annexation. One method provides that a majority of the residents and property owners may initiate an annexation proceeding. *See* Ark. Stat. Ann. §§ 19-301 through 19-306 (Repl. 1980); *Call* v. *Wharton,* 204 Ark. 544, 162 S.W.2d 916 (1942). The other method is initiated by the municipal corporation. *See* Ark. Stat. Ann. §§ 19-307 through 19-307.4 (Repl. 1980).

The record on appeal in this case does not contain a report of the hearing below and the trial judge was not asked

to settle and approve a proposed record. *See* Rule 6 (d), Rules of Appellate Procedure. The circuit court order, which supplies the only record of facts, refers to Ark. Stat. Ann. §§ 19-303, 19-304 and 19-305. From that, we conclude that the proceeding was originally commenced in county court by residents and property owners pursuant to Ark. Stat. Ann. § 19-301. Next, notice containing the substance of the petition and the date of the hearing was required to be published by the county clerk. Ark. Stat. Ann. § 19-302. Any person with an interest in the city or the area proposed to be annexed could have contested the annexation. Ark. Stat. Ann. § 19-102. A remonstrant in county court must have responded to the published notice by the date of the hearing. Such a response is in the nature of an answer. Any remonstrant who signed a petition would have been a party in county court. *Barnwell* v. *Town of Gravette*, 87 Ark. 430, 112 S.W. 973 (1908).

In the case at bar the county court obviously granted the petition and ordered annexation. There is no evidence before us to show that the appellant entered an appearance in county court. The only evidence is that appellant filed a complaint in circuit court.

After the county court grants annexation, "no further action shall be taken for a period of thirty (30) days, and within that time any person interested may institute a proceeding to have the annexation prevented, in circuit court . . ." Ark. Stat. Ann. § 19-303. Appellant sought to prevent the annexation by filing a complaint in circuit court on July 7, which was within the thirty day period. The proceeding in circuit court was not an appeal. It was an independent attack on the annexation which is authorized by Ark. Stat. Ann. § 19-303. Appellant styled his pleading in circuit court a complaint and labeled himself a complainant. The applicable statutes, Ark. Stat. Ann. §§ 19-304 and 19-305 provide:

Notice of objection. — When any complaint shall be made in accordance with the preceding section to prevent an annexation of territory, notice thereof shall

be given to the city or town authorities and the agent or agents of the petitioners.

Confirmation of annexation. — Acceptance of territory — Plants. — If no such notice shall be given within thirty (30) days from the making of the order of annexation by the County Court, the proceeding before said Court shall in all things be confirmed . . .

The only purported notice which appellant gave to the municipality during the thirty day period following the county court order was the mailing of a copy of the complaint to the municipal attorney. Since appellant was not serving notice of an appeal, but was commencing an independent attack on the annexation, the mailing of a copy of the complaint to the municipal attorney did not constitute notice. We construe notice in an independent action to mean service of process. ARCP Rule 4, and *see A. O. Smith Harvestore* v. *Burnside*, 282 Ark. 27, 665 S.W.2d 288 (1984). Courts cannot function without the use of formal process. Process is a writ or summons issued in the course of judicial proceedings. Ark. Stat. Ann. § 27-128 (Repl. 1979). Not only does issuance of a summons insure that defendant has been notified of the necessity to defend or be subject to a default judgment, but evidence of service apprises the court of its jurisdiction or lack of jurisdiction of the person served. *Southern Kansas Stage Lines Co.* v. *Holt*, 192 Ark. 165, 90 S.W.2d 473 (1936). For a discussion of what constitutes valid process, see *Tucker* v. *Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982).

Affirmed.

PURTLE and HOLLINGSWORTH, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. The town of Beaver, Arkansas, through the city attorney, allowed the county court of Carroll County to issue an order annexing certain adjacent land to the town pursuant to the petition of certain landowners. This action was taken pursuant to Ark. Stat. Ann. §§ 19-301 and 19-302 (Repl. 1980). Certain remonstrants who owned land which was annexed over their

objection instituted a proceeding in circuit court pursuant to Ark. Stat. Ann. § 19-303. Notice of the proceeding was given to the city attorney who also represented the respondent land owners seeking the annexation. The proceeding was timely filed in the circuit court.

Title 19, Chapter 3 (Ark. Stat. Ann. § 19-301 et. seq.) provides for annexation to existing cities and towns. The statute involved in this proceeding is Ark. Stat. Ann. § 19-303, which relates to the method of preventing annexation when the procedure for annexation is that used by the town of Beaver in this case. Section 303 allows 30 days from the date of the order of annexation by the county court for any interested person to institute a proceeding in the circuit court. This section provides in part: "If the court or judge shall determine that the order of the county court was proper, then the order of the county court shall be affirmed, and the proceedings to prevent the annexation shall be dismissed." It is obvious that this proceeding is an appeal from the county court. Section 304 states that when a complaint is made in accordance with section 303 to prevent annexation of the territory, "notice thereof shall be given to the city or town authorities and the agent or agents of the petitioners." It would have been impossible for the legislature to have stated more clearly that notice to the town and the agent of the petitioners is all the service required to appeal to the circuit court from the county order on annexation.

It was stipulated between the parties that the respondents and the town of Beaver were represented by the same attorney, John O. Mayberry, and that he received timely notice of the proceedings. He was the regular city attorney and assisted the respondents in preparing the annexation petition and represented them, as well as the town, in the county court and in the circuit court. It is unfortunate that the majority has chosen to require the issuance and service of a summons in order to uphold the annexation to the city of Beaver. Without citation of authority everyone who reads opinions knows that we should give the acts of the General Assembly their plain and ordinary meaning. There is no precedent for the position taken by the majority and it flies

directly in the face of the language chosen by the General Assembly. Therefore, I would continue to require this type annexation proceeding to be treated as an appeal from the order of the county court as we have done over the years.

HOLLINGSWORTH, J., joins in this dissent.