Vernon FULMER *v.* BOARD OF COMMISSIONERS, Water Improvement District #5

85-136                                        692 S.W.2d 246

Supreme Court of Arkansas
Opinion delivered July 8, 1985

*Guy Jones, Jr.*, for appellant.

*Jesse W. Thompson*, for appellee.

■ DAVID NEWBERN, Justice. The appellant's property was sold at a commissioner's sale to satisfy a lien created by his failure to pay a water improvement district assessment. The sale was conducted pursuant to a decree entered March 25, 1983. The appellant failed to appeal the decree by lodging the transcript with this court within twenty days as is required by Ark. Stat. Ann. § 20-437 (Repl. 1968). According to Ark. Stat. Ann. § 20-439 (Repl. 1968) he lost the right to appeal by not filing the transcript within the twenty-day period.

On November 18, 1984, the appellant moved to set aside the decree on which the sale was based claiming the court lacked jurisdiction because notice had not been given to him in the manner prescribed by Ark. R. Civ. P. 4 and that he had thus been denied due process of law. The motion was denied by the chancellor who found that the required statutory notices were given to the appellant and no due process violation occurred.

The chancellor also found that the appellant had forfeited his right of appeal. The parties have not given us satisfactory briefs on the question of whether the chancellor had the authority to set aside the decree and whether his refusal to do so was an appealable order. We, therefore, choose not to decide that issue but to decide, on its merits, the question whether notice to the appellant was sufficient.

Our jurisdiction is based on Arkansas Supreme Court and Court of Appeals Rule 29.1.c. as this case involves interpretation of statutes and a rule of civil procedure.

The record shows notices were given the appellant by publication and by mail as required by Ark. Stat. Ann. §§ 20-443 (Repl. 1968) and 20-1156 (Supp. 1983), respectively. Ark. R. Civ. P. 4 does not apply to this sort of special statutory action which contains its own provisions for notice. *See* Ark. R. Civ. P. 81(a).

■ Nor do we agree that the notice given the appellant

failed to comport with due process. We agree with the appellant's argument that he was entitled to notice and an opportunity to be heard prior to the entry of a decree requiring sale of his property. The only cases cited by the appellant on this point are *Franklin* v. *State*, 267 Ark. 311, 590 S.W.2d 28 (1979), and *Roswell* v. *Driver*, 268 Ark. 819, 596 S.W.2d 352 (Ark. App. 1980), which, respectively, involved no notice and defectively administered notice. It is clear that the appellant received the two kinds of notice to which the statute entitled him. The appellant makes no showing that the notice was not in accordance with the applicable statutes or otherwise was defective.

Affirmed.

ROBERT DUDLEY, Justice, not participating.