The Honorable Collins Kilgore Chancery and Probate Judge Pulaski County Courthouse, Room 309 Little Rock, AR 72201
Dear Judge Kilgore:
This is in response to your request for an opinion regarding domestic abuse cases filed pursuant to Act 266 of 1991 (The Domestic Abuse Act of 1991, codified at A.C.A. §§ 9-15-101 etseq. (Cum. Supp. 1991)). Your question is as follows:
 Does a summons have to be issued on domestic abuse cases filed pursuant to Act 266 of 1991? When the petition and ex parte order are sent to the sheriff for service, must the clerk issue a summons on those cases? Some law enforcement agencies have refused to serve the orders because of the inclusion of the summons. See ARCP Rule 4(a).
It is my opinion that Rule 4 of the Arkansas Rules of Civil Procedure ("A.R.C.P." or "Rules"), in all likelihood applies in this instance to require the service of a summons in cases filed under A.C.A. §§ 9-15-101 et seq. (Cum. Supp. 1991).
Rule 81(a) of the A.R.C.P. states that:
 [t]hese rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or procedure specifically provides a different procedure in which event the procedure so specified shall apply.
The Reporter's Notes to Rule 81 state that the exception ". . . would be those proceedings established by statute and the statute prescribes a different procedure. Except to the extent that these rules are specifically modified by statute, however, they shall apply in all cases."
While The Domestic Abuse Act of 1991 might at first glance appear to be a special proceeding, I do not believe that it specifically modifies the A.R.C.P., or specifically provides a different procedure, to the extent that it dispenses with the summons required under A.R.C.P. Rule 4. Section 9-15-204(b) (Cum. Supp. 1991) states that "[s]ervice shall be made upon the respondent at least five (5) days prior to the date of the hearing." There is no further reference in this section to service. This section would therefore not appear to provide a specific procedure for service. With regard to the provision for a temporary order, Section 9-15-206(e) (Cum. Supp. 1991) states that upon the issuance of the ex parte order, a copy of the order and petition (excluding, pursuant to court order, the petitioner's address) and notice of hearing shall be served "in accordance with applicable rules of service under the Arkansas Rules of Civil Procedure." While the legislature has therefore addressed service in connection with an ex parte order, perhaps suggesting that A.R.C.P. Rule 4 does not apply in that regard, it is doubtful whether this section specifically provides a different procedure such that A.R.C.P. Rule 4 is rendered inapplicable. Indeed, the reference to the Rules may be construed as confirming the applicability of Rule 4.
It should be noted that in construing A.R.C.P. Rule 81, the Arkansas Supreme Court has generally looked to the distinction between a "civil action" and a "special proceeding" in order to determine whether the Rules apply to particular proceedings.See e.g. Screeton v. Crumpler, 273 Ark. 167, 617 S.W.2d 847
(1981) (regarding probate proceedings); Borg-Warner AcceptanceCorp. v. Kesterson, 288 Ark. 611, 708 S.W.2d 606 (1986) (suit to collect a debt); Fulmer v. Board of Commissioners,286 Ark. 419, 692 S.W.2d 246 (1985) (commissioner's sale); Whitlock v.G.P.W. Nursing Home, Inc., 283 Ark. 158, 672 S.W.2d 48 (1984) (Administrative Procedure Act); Travelodge International, Inc.v. Handleman National Book Co., 288 Ark. 368, 705 S.W.2d 440
(garnishment proceedings); Garrett v. Andrews, 294 Ark. 160,741 S.W.2d 257 (1987) (local option election);
Bryant v. Lemmons Herron, 269 Ark. 5, 598 S.W.2d 79 (1980) (determination of heirship). The court has cited to the Civil Code's definition of "civil action" ("an ordinary proceeding in a court of justice by one (1) party against another for the enforcement or protection of a private right or the redress or prevention of a private wrong") and "special proceeding" ("every remedy in a civil case other than a civil action"), in determining whether the Rules of Civil Procedure apply to particular proceedings. A.C.A § 16-55-102(a)(2) and (a)(21);see Garrett v. Andrews, supra.
To the extent The Domestic Abuse Act may be said to be a proceeding in a court of justice by one party against another for the prevention of a private wrong, it seems to fall within the recognized definition of a "civil action." It is arguable, however, that this is not an "ordinary proceeding" as required for a civil action by A.C.A. § 16-55-102. While I am therefore uncertain how this particular proceeding would be characterized, it should be noted that the Arkansas Supreme Court has applied the Rules of Civil Procedure in instances where statutes governing a special proceeding are silent. See e.g.Travelodge International, Inc. v. Handleman National Book Co.,supra. In Travelodge, the court upheld the chancellor's authority to set aside a judgment in a garnishment action based upon A.R.C.P. Rule 60(b), because the garnishment statutes do not provide a specific procedure for setting such a judgment aside.288 Ark. at 370.
Because Sections 9-15-204 and -206 do not specifically provide a different service of process procedure, it is my opinion that a summons should be issued in domestic abuse cases. The form of the summons should, however, be modified as needed. See A.R.C.P. Rule 4.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh