IN the MATTER of the ADOPTION of Baby Boy
MARTINDALE

96-1258                                    940 S.W.2d 491

Supreme Court of Arkansas
Opinion delivered March 24, 1997

*Wright, Lindsey & Jennings*, by:  *Edgar J. Tyler*, for appellants.
*Thurman, Lawrence and Heuer*, by:  *Sam Heuer*, for appellee.

W.H. "Dub" Arnold, Chief Justice. This case raises the issue of whether the Arkansas Rules of Civil Procedure Rule 41(a) voluntary nonsuit provision is applicable to adoption proceedings. Jurisdiction is proper pursuant to Rule 1-2(a)(3) as an interpretation of the Arkansas Revised Uniform Adoption Act, Ark. Code Ann. § 9-9-201 *et seq.* (1993 & Supp. 1995), and the Arkansas Rules of Civil Procedure.

Appellee is the biological mother of Baby Boy Martindale who was born on March 22, 1995. Prior to her child's birth, appellee contacted an adoption agency, Adoption Services, Inc., to make arrangements to place the child for adoption. On March 23, 1995, appellee signed a relinquishment of parental rights and a consent of adoption; both of these documents contained an acknowledgment signed by appellee that she understood she had ten (10) days to withdraw her consent. Appellee also signed an affidavit of paternity at that time; in the affidavit, she swore that she did not know the identity of the child's father because her pregnancy was the result of a rape by an unknown assailant.

The ten-day withdrawal period passed without appellee withdrawing her consent. After the ten-day period, the child was placed in the custody of the appellants, and an adoption decree was entered.

On September 15, 1995, approximately six months after she had given her consent to the adoption, appellee filed a petition with the probate court to set aside the adoption. In her petition, appellee claimed the information in the sworn affidavit of paternity was false because she knew the identity of the father and that the circumstances she provided regarding her pregnancy were fraudulent. She also claimed that she had contacted the social workers at Adoption Services, Inc., during the ten-day withdrawal period to inform them that she was having second thoughts, but they intimidated her and instructed that she should not pursue her right to withdraw consent.

The appellants responded to the petition, denying the allegations of intimidation and claiming that the consent was valid. A hearing was scheduled to begin on July 17, 1996.

On June 12, 1996, the attorney of record for the appellee filed a motion with the probate court requesting to be relieved as appellee's attorney. He claimed that the appellee had not responded to his communications, would not participate in the preparations for the proceeding, and had not complied with the arrangement for costs and fees. Appellants filed a response to the motion in which they did not object to the attorney's withdrawal; however, in the response, appellants stated they would object to any motion for continuance.

The probate court held a hearing on the attorney's motion on July 9, 1996. Appellee did not attend the hearing although her attorney gave a sworn statement that she had been given notice of the hearing. The probate court granted the attorney's motion to withdraw.

On July 18, 1996, the originally scheduled hearing on the petition to set aside the adoption was held. Appellee's former counsel made a special appearance on behalf of appellee, who had failed to obtain new counsel. Appellee offered a motion for a continuance; appellants objected. The probate court denied the motion ruling that it was appellee's fault that she was not prepared for trial. Appellee then moved for a dismissal without prejudice pursuant to Rule 41(a). Appellants objected on the grounds that such procedure was not permissible because the adoption proceeding was a special proceeding and moved that the petition be dismissed with prejudice. The probate court granted the appellee's motion to dismiss without prejudice, thus giving the appellee a year from the date of the order to refile her petition.

Appellants filed this appeal challenging the probate judge's order dismissing the petition without prejudice. Appellants claim that the probate court erred in ruling that Rule 41(a) of the Arkansas Rules of Civil Procedure is applicable to adoption proceedings. Appellee claims that the right of voluntary dismissal is absolute and must apply to adoption proceedings.

■ This is a case of first impression, which requires interpretation of the Arkansas Revised Uniform Adoption Act, Ark. Code Ann. § 9-9-201 *et seq.* (1993 & Supp. 1995), and the Arkansas Rules of Civil Procedure. In matters of first impression requir-

ing the interpretation or construction of an act of the General Assembly or a judicially created rule, it is this court's responsibility to determine the meaning of the statute or rule in question. *See, Arkansas DOH v. Westark Christian Action,* 322 Ark. 440, 910 S.W.2d 199 (1995); *Peters v. State,* 321 Ark. 276, 902 S.W.2d 757 (1995); *Furman v. Holloway,* 312 Ark. 378, 849 S.W.2d 520 (1993).

■ Rule 1 of the Arkansas Rules of Civil Procedure provides that the Rules of Civil Procedure "govern the procedure. . .in *all suits or actions* of a civil nature with the exceptions stated in Rule 81." (Emphasis supplied.) Rule 81(a) excludes the application of the Rules "in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply." In *Sosebee v. County Line School Dist.,* 320 Ark. 412, 897 S.W.2d 556 (Ark. 1995), we found that the Rule 81(a) exception "is limited to special proceedings created exclusively by statute where a special procedure is appropriate and warranted."

■ We have addressed the distinction between an "action" and a "special proceeding." In *Coleman v. Coleman,* 257 Ark. 404, 407, 520 S.W.2d 239 (1974), we defined an action as "an ordinary proceeding in a court of justice by one party against another for the enforcement or protection of a private right or the redress or prevention of a private wrong." All proceedings which are not *ordinary proceedings* are "special proceedings" created exclusively by statute.

■ In *Poe v. Case,* 263 Ark. 488, 490, 565 S.W.2d 612, 613 (1978), we determined that adoptions are "special proceedings" without utilizing the label "special proceeding." In *Poe,* we found that "[t]here is no mention of adoption, child custody or visitation rights in the Arkansas Constitution. Jurisdiction of adoption proceedings has been vested in the probate court by statute. Adoption proceedings were unknown to the common law, so they are governed entirely by statute."

Although we have not addressed the specific issue of whether the Rules of Civil Procedure apply to adoption proceedings, we have determined that the Rules do not apply to other special pro-

ceedings. In *Screeton v. Crumpler*, 273 Ark. 167, 617 S.W.2d 847 (1981), a will contestant appealed from a probate court order dismissing her contest with prejudice on the contention that the contest should have been dismissed without prejudice. We upheld the probate court order and determined that a dismissal without prejudice pursuant to Rule 41(a) is not an appropriate procedure in a will contest. We noted that will contests are special proceedings to which the rules of civil procedure do not apply. We stated:

> "It [the will contest] does not constitute a civil action within ARCP, Rules 2 and 3. A will contestant cannot take a nonsuit under Rule 41, because such a contest is not an independent proceeding in itself. It would seriously disrupt the administration and distribution of estates if a will contest could be dismissed voluntarily or without prejudice, and refiled at some indefinite later date."

*Id.* at 169-70. *See, Garret v. Andrews*, 294 Ark. 160, 741 S.W.2d 257 (1987)(elections are special proceedings to which the Arkansas Rules of Civil Procedure do not apply).

As we found in *Poe*, adoption was not known in common law and it was created entirely by statute, so it is a "special proceeding." We now specifically follow the *Screeton* decision in holding that the Rules of Civil Procedure are not applicable to adoption proceedings because they are special proceedings.

The Arkansas Revised Uniform Adoption Act contains a one year statute of limitations for challenging adoption decrees. Ark. Code Ann. § 9-9-216(b)(1) (1993 & Supp. 1995). Specifically, the statute provides:

> "Subject to the disposition of an appeal, upon the expiration of one (1) year after the adoption decree is issued, the decree cannot be questioned by any person including the petitioner, *in any manner upon any ground*, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter . . . ."

(Emphasis supplied.)

We have held that the legislature's one-year rule must be applied strictly in order to "ensure adoption decrees obtained

under the law possess that necessary and required finality so that an adoptive parent is not freed of the parental obligations he or she has willingly undertaken." *Martin v. Martin*, 873 S.W.2d 819 (Ark. 1994). In quoting commentary from the Uniform Revised Adoption Act which discusses the importance of the one year limit, the *Martin* opinion further states, "the policy of stability in a family relationship. . . outweighs the possible loss to a person [the natural parent] whose rights are cut off [even in instances of] fraud and ignorance." *Id.* at 822.

 Clearly, adoption is a special proceeding with appropriate and necessary special procedures enacted to protect significant public policy concerns such as the rights of adoptive parents and minor children to establish a stable and secure family relationship. The Arkansas Revised Uniform Adoption Act's one-year statute of limitations provides a special procedure which cannot be annulled by Rule 41(a) and the savings statute that allows an action dismissed without prejudice to be refiled within one year of the dismissal. Ark. Code Ann. § 16-56-126 (1987).

The probate court was without authority to grant Appellee's motion for dismissal without prejudice and to find that Appellee could refile her claim at a later date. Allowing such a challenge after the appellants have had custody of Baby Boy Martindale for nearly two years would effectively ignore the legislative intent and nullify the plain meaning of Ark. Code Ann. § 9-9-216(b) by allowing the petition to be filed after the statute of limitations has expired.

 Accordingly, the order of the probate court granting dismissal without prejudice was without authority; the dismissal should have been with prejudice. Because appellee does not have the right to refile the petition to set aside the adoption decree, we reverse and dismiss.

Reversed and dismissed.

IMBER, J., not participating.