Richard WEISS, Director, Department of Finance and
Administration, State of Arkansas *v.* Patricia G. JOHNSON

97-565                                            961 S.W.2d 28

Supreme Court of Arkansas
Opinion delivered February 12, 1998

*Mark S. Ferguson,* for appellant.

*Ray Bunch,* for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellee's driver's license was suspended by the Office of Driver Services of the Revenue Division of the Department of Finance & Administration pending the adjudication of her DWI charge. Pursuant to Act 802 of 1995, the appellee filed a "*de novo* petition for review" of the agency determination in circuit court. DF&A failed to appear at the hearing, and the trial court entered a judgment in favor of appellee. DF&A moved to set aside the judgment, alleging that it was not served with appellee's petition in compliance with Ark. R. Civ. P. 4. The trial court denied the motion, finding that the hearing was a "special hearing" and that the rule was not applicable. We reverse and dismiss, holding that the service provisions of Rule 4 are applicable because the statutory procedure at issue is silent on notice or service of process at the circuit court level.

On September 23, 1996, Patricia Johnson filed a petition in the Benton County Circuit Court for *de novo* review of a decision by the Office of Driver Services to suspend her driver's license. Johnson styled the petition "PATRICIA G. JOHNSON vs. STATE OF ARKANSAS, OFFICE OF DRIVER SERVICES, REVENUE DIVISION OF THE DEPARTMENT OF FINANCE AND ADMINISTRATION." According to the facts as set forth in her petition, Johnson had been arrested on July 13, 1996, for DWI second offense and driving on a suspended driver's license, resulting in the suspension of her license. On September 18, 1996, the Office of Driver Services held a hearing and sustained the suspension of Johnson's license. The certificate of service attached to the petition indicated that Johnson "served a copy of the. . . Petition for Relief Concerning Suppression of Driver's License. . . on Toni Boone, Driver Control Hearing Referee, 280 North College Avenue, Suite 145, Fayetteville, Arkansas 72701, by placing a copy thereof in the United States Mail, postage prepaid, addressed to her as above set forth."

In a letter dated December 6, 1996, Johnson's counsel sent a letter to Toni Boone, "Driver Control Hearing Referee," at the same address set forth in the certificate of service. Johnson enclosed a copy of the petition, and informed Boone that the matter had been set for a hearing on January 10, 1997. At this hearing Johnson's counsel explained that Boone, the referee who actually suspended Johnson's license, was not present. Counsel stated "[Boone] was, is the one that actually suspended the license and

so on December the 6th I mailed a petition and notified her of this court date to make sure that all parties were informed about it." Based on Boone's absence, Johnson moved that the court reinstate her license "pending adjudication concerning the charges against her unless Toni Boone can produce some kind of a statement that she had no knowledge of this hearing." The trial court examined the letter that Johnson had sent to Boone, and then stated the following:

> Based upon the facts that you have provided here with notice of this hearing and based upon the fact that as I read this 5-65-104C [sic] the Office of Driver Services has the burden at this hearing to establish by preponderance of the evidence that a revocation was appropriate, by failing to appear and prosecute I don't think I have got any choice but to find that the burden, that they have not met their burden and that the driver's license should be reinstated pending a final adjudication.

On January 23, 1997, the trial court entered an order reinstating Johnson's driver's license, finding that the Office of Driver Services had failed to appear even though it had received notice through the December 6 letter and that it had "failed to meet its burden in this case."

On February 18, 1997, the Department of Finance & Administration filed a motion to set aside the order on the grounds that Johnson failed to name the Director of DF&A as a defendant as required by Ark. R. Civ. P. "4(8A)" [sic], and that Johnson failed to deliver a copy of the summons and complaint to the Chief Executive Officer of DF&A as required by Ark. R. Civ. P. "4(7)" [sic]. DF&A further alleged that it did not receive notice of "this action" until it received the trial court's order directing reinstatement of Johnson's license, and that DF&A should be granted additional time to file an answer.

On March 20, 1997, following a hearing on DF&A's motion, the trial court entered an order denying the motion and finding as follows:

> 1. That the *de novo* review conducted in circuit court pursuant to Ark. Code Ann. § 5-65-104 is a "special hearing."

> 2. That the hearing officer, Toni Boone, was an authorized agent of the Office of Driver Services, and that "notification received of the hearing date by her under the facts of this case was service made to [DF&A]."

3. That Johnson properly served DF&A with notice of the *de novo* review and that DF&A failed to meet its burden of proof.

DF&A brings the present appeal from the order denying its motion to set aside.

DF&A's sole argument on appeal is that the trial court abused its discretion in denying its motion to set aside because service of Johnson's petition for review failed to comply with the provisions of Ark. R. Civ. P. 4. Specifically, DF&A contends that service of the petition and a summons should have been made on Richard Weiss, the chief executive officer of DF&A, under Ark. R. Civ. P. 4(d)(7), and that Weiss should have been named as a party to the action under Ark. R. Civ. P. 4(d)(8).

■ Act 802 of 1995, codified in part at Ark. Code Ann. § 5-65-104 (Repl. 1997), generally governs the temporary suspension of driver's licenses held by those persons arrested for driving while intoxicated. The statute directs the arresting officer to seize the arrestee's license, subject to that individual's right to a hearing before the Office of Driver Services of the Revenue Division of the Department of Finance & Administration. Ark. Code Ann. § 5-65-104(a)(1). This hearing "shall cover the issues of whether the officer had reasonable grounds to believe that the person had been operating a vehicle while intoxicated. . . and whether the person was placed under arrest." Ark. Code Ann. § 5-65-104(a)(8)(A). "At the hearing, the burden of proof shall be on the state, and the decision shall be based on a preponderance of the evidence." *Id.* Following an adverse determination, a person may file a "de novo petition for review" within thirty days in the circuit court in the county in which the offense took place. Ark. Code Ann. § 5-65-104(c). "The administrative hearings held pursuant to this section shall be exempt from the Arkansas Administrative Procedure Act, § 25-15-201 et seq." *Id.* On review to circuit court, the trial court is directed to hear the case *de novo* "to determine whether, based on a preponderance of the evidence, grounds exist for revocation, suspension, or denial of the person's privilege to drive." *Id.*

■ Noticeably absent from the statute is any indication whether the service provision of the Rules of Civil Procedure apply on review to circuit court, except to say that the APA does not apply at the administrative level. One notice or service provision that is found in the statute deals with the requirement that the

arresting officer give the driver a receipt form serving as a notice of suspension or revocation and the right to a hearing. Ark. Code Ann. § 5-65-104(a)(2). Furthermore, "[a]ny notices from the Office of Driver Services required under this act which are not personally delivered shall be sent by certified mail. . . . Refusal of the addressee to accept delivery or attempted delivery of the notice . . . shall not constitute nonreceipt of notice." Ark. Code Ann. § 5-65-104(a)(3). Once a person's privilege to drive has been revoked, denied, or suspended under the statute, the person is entitled to a hearing with the Office of Driver Services upon "written request." Ark. Code. Ann. § 5-65-104(a)(7).

Rule 1 of the Arkansas Rules of Civil Procedure, governing the scope of the Rules, provides in part that "[t]hese rules shall govern the procedure in the circuit, chancery, and probate courts in all suits or actions of a civil nature with the exceptions stated in Rule 81." The Reporter's Note to Rule 1 explains that " Rule 81 makes exceptions to the applicability of these rules for special statutory proceedings." The Rule 81(a) exception provides as follows:

> (a) Applicability in General. These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

Ark. R. Civ. P. 81(a). The Reporter's Note explains that the Rule 81(a) exception "would be those proceedings established by statute *and* the statute prescribes a different procedure. Except to the extent that these rules are modified by statute, however, they shall apply in all cases." (Emphasis added.)

This court has historically recognized the distinction between two types of proceedings — civil actions and special proceedings — and considered whether or not the rules of civil procedure are applicable to certain types of special proceedings. Recently, in *In re: Adoption of Martindale*, 327 Ark. 685, 940 S.W.2d 491 (1997), we were presented with the issue of whether the voluntary nonsuit provisions of Ark. R. Civ. P. 41(a) were applicable to adoption proceedings. Adoption proceedings, created by statute and unknown at common law, were special proceedings "with appropriate and necessary special procedures enacted to protect signifi-

cant public policy concerns such as the rights of adoptive parents and minor children to establish a stable and secure family relationship." *Id.* Applying the voluntary nonsuit provisions of Rule 41(a) to adoption proceedings would have effectively nullified the plain meaning of the Arkansas Revised Uniform Adoption Act's one-year statute of limitations, and ignored the legislative intent behind the statute of limitations. Thus, the trial court in *Martindale* erred in granting a dismissal without prejudice and allowing the subsequent refiling of a petition to set aside an adoption outside of the statutory limitations period.

By way of comparison, *Sosebee v. County Line Sch. Dist.*, 320 Ark. 412, 897 S.W.2d 556 (1995), presented the similar issue of whether Rule 41(a) allowed a nonsuit and the subsequent refiling of an appeal to circuit court outside of the seventy-five day time limit for such appeals under the Arkansas Teacher Fair Dismissal Act. In determining whether the Act was a "special proceeding" as that term is used in Rule 81(a), the *Sosebee* court began by noting that "[t]he Rules. . . apply to a proceeding unless a statute, which creates a right, specifically provides for a different procedure." *Id.* The Act was lacking in "special rules" concerning appeals to circuit court, while the court found "very thick and long breach of contract roots extending from the Teacher Fair Dismissal Act." *Id.* Moreover, the nature of the circuit court's review was not in substance that of an "appeal," but instead encompassed the taking of evidence beyond the record of the administrative proceeding. For these reasons, the rights pursued under such an "appeal" were not created by the Act, as that term is used under the Rule 81(a) exception. Given the lack of procedures found in the Act once the matter reached the circuit court level, the Rules of Civil Procedure applied.

In the present case, like the adoption proceedings in *Martindale*, the right to judicial review of an administrative agency's temporary suspension of a driver's license is clearly a right created by statute as that term is used in Rule 81(a). Such a right to review has no origins in the common law. Driving itself is a privilege, not a right. *See Pyron v. State*, 330 Ark. 88, 953 S.W.2d 874 (1997). Thus, in that sense, the right to review in circuit court under Ark. Code Ann. § 5-65-104(c) is a statutory "special proceeding."

■ However, the analysis under Rule 81(a) does not end there. Not only must the statute create a "right, remedy or proceeding," but it must also "provide[ ] a different procedure in which event the procedure so specified shall apply." Ark. R. Civ. P. 81(a). *See also* Reporter's Note to Rule 81 ("the [Rule 81(a)] exception would be those proceedings established by statute *and* the statute prescribes a different procedure") (emphasis added); *Martindale, supra*, ("The Arkansas Revised Uniform Adoption Act's one year statute of limitations provides a special procedure which cannot be annulled by Rule 41(a)."); *Sosebee, supra*, ("The Rules thus apply to a proceeding unless a statute, which creates a right, *specifically provides for different procedure*") (emphasis added); *Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), *limited on other grounds*, 316 Ark. 366, 872 S.W.2d 370 (1994) ("What this court intended when it adopted. . . Rule 82 [sic] in particular, was to except from the rules special proceedings created by statute *which established different procedures from those applicable to civil actions*") (emphasis added). On this point, Ark. Code Ann. § 5-65-104(c) provides nothing "different" from the Rules in the way of notice or service of process at the circuit court level. By the statute's express terms, the APA does not apply, thus extinguishing a potential source for guidance. Given the silence of Ark. Code Ann. § 5-65-104(c) on the subject of notice or service of process, and therefore the lack of a "different procedure" which conflicts with the Rules, we are left with no choice but to conclude that the Rules govern because the Rule 81(a) exception does not apply.

■ This conclusion is bolstered by the nature of the review sought in circuit court. While labeled a "petition for review," the statute explains that the circuit court hears the case *de novo*. Thus, the circuit court is in no way bound by the administrative decision below and assumes the case as if it were originally filed in circuit court. Given the "original" character of the circuit court action due to the *de novo* review, it seems consistent to require the challenging party to give DF&A notice through traditional means of service of process. *Compare In re: Proposed Annexation to Town of Beaver*, 282 Ark. 516, 669 S.W.2d 467 (1984) (challenge of county court annexation proceeding in circuit court pursuant to statute was not an "appeal" but an "independent attack" requiring service of process under Rule 4) *with Fulmer v. Board of Commissioners*, 286 Ark. 419, 692 S.W.2d 246 (1985) (challenge of commissioner's

sale pursuant to statute did not require notice under Rule 4 where the statute at issue was a "special statutory action which contain[ed] its own provisions for notice").

■ Having held that Rule 4 governs service of Johnson's petition for review, it is clear that DF&A was not properly served under the Rule. The abstract reflects that Johnson simply mailed Boone a copy of her petition via United States Mail at Boone's business address. Johnson also mailed Boone a letter informing Boone that the matter was set for a hearing on January 10, 1997. However, the record fails to show that the director of DF&A was ever named as a party to the lawsuit, see Ark. R. Civ. P. 4(d)(8) and 25(d)(2), or that DF&A was properly served with the petition and a summons. See Ark. R. Civ. P. 4(d)(7). Because Johnson failed to properly serve DF&A under Rule 4, the trial court lacked jurisdiction to enter an order reinstating Johnson's license. We hold that the trial court abused its discretion in denying DF&A's motion to set aside, and reverse and dismiss without prejudice.

Reversed and dismissed without prejudice.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. I agree completely with the majority opinion but write only to highlight an inconsistency in procedures for two categories of judicial review. We hold today that Ark. R. Civ. P. 4 governs judicial review of driver's license suspensions under Ark. Code Ann. § 5-65-104(c) (Repl. 1997), which includes issuance of a summons and personal service of the petition on the agency. Under the Administrative Procedure Act, service of the petition for judicial review by mail is all that is required. See Ark. Code Ann. § 25-15-212(b)(2) (Repl. 1996).

Conflicting procedures for administrative appeals to circuit court on basic points like service of process can create a procedural pitfall for attorneys and their clients. I invite the attention of the General Assembly to this matter.