

# SUPREME COURT OF ARKANSAS

No. CV-14-85

| | |
|---|---|
| LOIS SWENSON | Opinion Delivered October 30, 2014 |
| APPELLANT | |
| | APPEAL FROM THE SALINE |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 63PR-13-318-2] |
| | |
| SHELLEY KANE, GUARDIAN | HONORABLE GARY M. ARNOLD, |
| APPELLEE | JUDGE |
| | |
| | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

This appeal stems from the Saline County Circuit Court's appointment of Shelley Kane, appellee, as guardian of T.S., her minor niece. Kane is T.S.'s maternal aunt and a resident of Texas. Lois Swenson, appellant, is the adoptive mother of T.S.

On June 21, 2013, citing Swenson's declining health, Kane filed for emergency temporary guardianship of T.S. On June 24, 2013, the circuit court appointed Kane as temporary guardian. On August 19, 2013, Swenson filed a "Petition to Return Child." On August 26, 2013, the circuit court conducted a hearing and denied the petition. On August 28, 2013, the circuit court again appointed Kane as temporary guardian.

On September 9, 2013, Swenson filed an "Answer of Lois Swenson to Notice of Final Hearing," arguing that Ark. Code Ann. § 28-65-203(f)(1) (Repl. 2012) was unconstitutional because it creates a procedural law regarding service, which is a power reserved to this court by Amendment 80 and not the legislature. On September 13, 2013, Kane filed for permanent

guardianship of T.S. On September 16, 2013, the circuit court conducted a "final hearing" on the guardianship and also heard arguments regarding the constitutionality of the statute. On October 23, 2013, the circuit court appointed Kane as a permanent guardian of T.S. and deemed Ark. Code Ann. § 28-65-203 constitutional because its provisions are "special proceedings" pursuant to Rule 81 of the Arkansas Rules of Civil Procedure (2014).

From that order, Swenson appealed to the Arkansas Court of Appeals. This court accepted certification of this case from the court of appeals pursuant to Ark. Sup. Ct. R. 1–2(d). For her sole point on appeal, Swenson asserts that Ark. Code Ann. § 28-65-203(f)(1) alters the norms of service of process, which violates amendment 80, section 3, of the Arkansas Constitution. At issue is the circuit court's October 23, 2013 order where the circuit court held that Ark. Code Ann. "§ 28-65-203 is deemed constitutional as its provisions are 'special proceedings' and/or pursuant to Rule 81(c), Rules of Civil Procedure."

"This court reviews both the circuit court's interpretation of the constitution as well as issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute." *Forrester v. Martin*, 2011 Ark. 277, 3, 383 S.W.3d 375, 378 (internal citations omitted). There is a presumption of validity attending every consideration of a statute's constitutionality. *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135 (citing *Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (2007)). Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality. *Id*.

With these standards in mind, we turn to the applicable laws. First, the

separation-of-powers provisions of the Arkansas Constitution are found in article 4 and

provide as follows:

> The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to-wit: Those which are legislative, to one, those which are executive, to another, and those which are judicial, to another.

> No person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

Ark. Const. art. 4, §§ 1, 2. Second, amendment 80, § 3, "Rules of pleading, practice and

procedure" provides:

> The Supreme Court shall prescribe the rules of pleading, practice and procedure for all courts; provided these rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury as declared in this Constitution.

> Third, Rule 81, "Applicability of Rules" of the Arkansas Rules of Civil Procedure

provides:

> (a) Applicability in General. These rules shall apply to all civil proceedings cognizable in the circuit courts of this state except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

> . . .

> (c) Procedure Not Specifically Prescribed. When no procedure is specifically prescribed by these rules, the court shall proceed in any lawful manner not inconsistent with the Constitution of this State, these rules or any applicable statute.

*Id.*

The statute at issue, Ark. Code Ann. § 28-65-203, "Guardians Generally,

Appointment, Qualifications of guardian" provides in pertinent part:

(f)(1) A nonresident natural person possessing the qualifications enumerated in this section, except as to residence, who has appointed a resident agent to accept service of process in any action or suit with respect to the guardianship and has caused the appointment to be filed with the court, whether or not he or she has been nominated by the will of the last surviving parent of a minor resident of this state to be appointed as guardian of the minor, is qualified for the appointment.

In reviewing the circuit court's finding that the guardianship appointment is a special proceeding and constitutional, we look to our case law regarding special proceedings. In *Sosebee v. County Line School District*, 320 Ark. 412, 415, 897 S.W.2d 556, 558–59 (1995), we explained:

> Since the advent of our original Civil Code, there have been two types of proceedings in Arkansas law. One is a civil action; the other is a special proceeding. *Coleman v. Coleman*, 257 Ark. 404, 520 S.W.2d 239 (1974). The Arkansas Rules of Civil Procedure apply to civil actions. Rule 2. A civil action is an ordinary proceeding in a court of justice by one party against another for the enforcement or protection of a private right or the redress or prevention of a private wrong. *Id.* It may also be brought for the recovery of a penalty or forfeiture. *Rockafellow v. Rockafellow*, 192 Ark. 563, 93 S.W.2d 321 (1936). All proceedings not covered by the definition of "civil action" are special proceedings. *Garrett v. Andrews*, 294 Ark. 160, 741 S.W.2d 257 (1987).

With regard to guardianship, we have held that "Arkansas courts have long referred to guardianship cases as special proceedings. *See, e.g.*, *Nelson v. Cowling*, 89 Ark. 334, 116 S.W. 890 (1909). Further, special proceedings are governed by statute. *First Security Bank v. Estate of Leonard*, 369 Ark. 213, 253 S.W.3d 434 (2007); *In re Adoption of Baby Boy Martindale*, 327 Ark. 685, 940 S.W.2d 491 (1997)." *Hetman v. Schwade*, 2009 Ark. 302, at 9, 317 S.W.3d 559, 563.

Additionally, we have interpreted Rule 81 numerous times and held,

> Rule 1 of the Arkansas Rules of Civil Procedure provides that the Rules of Civil Procedure "govern the procedure . . . *in all suits or actions* of a civil nature with the

SLIP OPINION

*exceptions* stated in Rule 81." (*Emphasis supplied*). Rule 81(a) excludes the application of the Rules "in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply." In *Sosebee v. County Line School Dist.*, 320 Ark. 412, 897 S.W.2d 556 (1995), we found that the Rule 81(a) exception "is limited to special proceedings created exclusively by statute where a special procedure is appropriate and warranted."

*In Re Matter of Adoption of Martindale*, 327 Ark. 685, 689, 940 S.W.2d 491, 492–93 (1997).

Here, Swenson asserts that the circuit court erred in its finding that the guardianship appointment at issue was a special proceeding. She also asserts that Ark. Code Ann. § 28-65-203 infringes on this court's rule-making authority and is therefore unconstitutional. However, we are unpersuaded by Swenson's argument. As discussed above, for over a century, we have held that guardianship proceedings are "special proceedings" pursuant to Rule 81 and excepted from the traditional Rules of Civil Procedure. *See Nelson*, 89 Ark. 334, 116 S.W. 890 (1909). Therefore, Kane's appointed guardianship is a special proceeding and excepted from the Rules of Civil Procedure and governed by statute. Accordingly, based on our standard of review, we do not find error in the circuit court's order and affirm its findings. Further, we need not reach the merits of Swenson's remaining arguments because our holding is determinative of her appeal.

Affirmed.

*Ray Baxter, P.A.*, by: *J. Ray Baxter*, for appellant.

*Law Office of Paul D. White, P.A.*, by: *Paul D. White*, for appellee.