RITA W. GRUBER, Chief Judge
Larry Hamilton appeals from the Pulaski County Circuit Court's denial of his challenges to the summons and complaint in this trust lawsuit. We hold that the circuit court did not abuse its discretion in denying his motions, and we reject Mr. Hamilton's interpretation of the relevant rules of civil procedure. Accordingly, we affirm.
We set forth the relevant facts of this case in our opinion ordering rebriefing- In re Matter of the Hamilton Living Trust , 2018 Ark. App. 415, 2018 WL 4473503 ( Hamilton I )-but we restate them for convenience here. Margaret and Frank Hamilton created the Hamilton Living Trust, dated September 22, 2003 (the "Trust"), and Bank of the Ozarks (the "Trustee") became the successor trustee of the Trust after their deaths.[1] Larry *55 Hamilton and his sister, Susan Cossey, are qualified beneficiaries of the Trust. The Trustee initiated this lawsuit because Mr. Hamilton had been living in a home owned by the Trust located at 207 Beckwood Drive in Little Rock without the Trustee's authority or consent. Despite the Trustee's request for Mr. Hamilton to vacate the property, he refused to leave. So on March 31, 2016, the Trustee filed a "Complaint for Declaration of Rights" with respect to administration of the Trust pursuant to Ark. Code Ann. § 28-73-201(c) (Repl. 2013). The caption on the complaint is "In the Matter of the Hamilton Living Trust Dated September 22, 2003. " Mr. Hamilton and Ms. Cossey were named in the complaint as qualified beneficiaries of the Trust. The Trustee attached a deed showing ownership of the Beckwood Drive residence in the Trust and alleged that Mr. Hamilton was living in the residence despite its oral and written request to vacate the property. The Trustee sought a declaratory judgment from the court that Mr. Hamilton was not entitled to reside or otherwise occupy the property, that the Trustee was entitled to take reasonable steps to remove him and any other person occupying the property, and that Mr. Hamilton vacate the property immediately. The Trustee also alleged, upon information and belief, that Mr. Hamilton intended to sell the Trust's personal property located at the Beckwood Drive residence and asked the court for a temporary restraining order or a preliminary injunction to prevent Mr. Hamilton from residing in or otherwise occupying the property.
On May 4, 2016, a process server served Mr. Hamilton with a copy of a summons and the complaint.[2] Along with a timely answer, Mr. Hamilton filed a "Motion for Declaration of Insufficiency of Process and Insufficiency of Service of Process," asserting that the summons was defective because it did not contain the name of the party bringing the action or list Susan Cossey as required by Rule 4(b) of the Arkansas Rules of Civil Procedure. Although Mr. Hamilton did not dispute that he was correctly identified on the summons, he argued that his summons was defective because it failed to name Ms. Cossey and to identify the Bank of the Ozarks, and thus, the court did not have personal jurisdiction over him. He requested the court to declare the process and service invalid and void.
The circuit court held a hearing on August 8, 2016, and ruled from the bench that the summons complied with Rule 4(b) of the Arkansas Rules of Civil Procedure and that service was proper, reasoning as follows:
[T]he whole purpose of the summons is to let the parties be put on notice. It is clear from the record that even on the return by the process server and by the answer that was filed in response to the summons and the complaint that the complaint was served. That the complaint does name everyone that the common sense application here is to put the party on proper notice and that was done. On the basis of whether or not "In the Matter of" is left off that would render summons invalid. I think it would be an absurd result and require some herniated stretching by the Court.... And I believe when you look at the return of service by the process server that is filed with the Court which I assume you have reviewed. It indicates *56 everything that was attached and even the summons refers to the fact that the complaint, et cetera. So, the summons contains every reference, everything necessary, and even refers the party being served to the additional documents that are part of that particular service. For all those reasons I find that service was proper.
On August 22, 2016, the court entered an order denying Mr. Hamilton's motion "[f]or the reasons set forth by the Court on the record at the hearing."
On September 21, 2016, Mr. Hamilton filed a motion to dismiss, arguing that the complaint failed to comply with Rule 10(a) of the Arkansas Rules of Civil Procedure because the caption does not contain the names of the parties-that is, the Bank of the Ozarks, Mr. Hamilton, and Ms. Cossey. The court held a hearing on November 28, 2016, on the Trustee's preliminary injunction, where Mr. Hamilton also made arguments in support of his motion to dismiss. At the hearing, the court said that Mr. Hamilton's motion was merely a "rehash" of his earlier motion, that he appeared to be "barking up basically the same tree" but referring to the caption on the complaint rather than on the summons, and that the court had already ruled on it. In an order entered on December 9, 2016, the court denied the motion "for the reasons set forth by the Court on the record at the hearing."
The court held a final hearing on the merits of the complaint in April 2017 and entered an order on May 4, 2017. Mr. Hamilton filed a timely appeal from that order. See Hamilton I (denying appellee's motion to dismiss the appeal). The issues on appeal concern only the court's orders denying Mr. Hamilton's motions.
In cases in which the appellant claims that the circuit court erred in denying a motion to dismiss based on alleged errors in the process of service, our standard of review is whether the circuit court abused its discretion in denying the motion to dismiss. Nobles v. Tumey , 2010 Ark. App. 731, at 9, 379 S.W.3d 639, 646. When there are no disputed issues of fact and the issue presented involves only the correct interpretation of an Arkansas court rule, the issue is a question of law that we review de novo. Dobbs v. Discover Bank , 2012 Ark. App. 678, at 2, 425 S.W.3d 50, 52.
Appellant's first point on appeal is that the summons is defective pursuant to Rule 4(b) of the Arkansas Rules of Civil Procedure because the caption does not contain the parties' names but rather states "Hamilton Living Trust" and because the summons fails to contain the Trustee's name, "Bank of the Ozarks." We turn first to Rule 4(b), which provides that
[t]he summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties ; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise the address of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.
Ark. R. Civ. P. 4(b) (2018) (emphasis added). We recognize that service of valid process is necessary to give a court jurisdiction over a defendant, Earls v. Harvest Credit Mgmt. VI-B, LLC , 2015 Ark. 175, at 5, 460 S.W.3d 795, 798, and that the summons is a process used "to apprise a defendant that a suit is pending against him and afford him an opportunity to be heard." Solis v. State , 371 Ark. 590, 596, 269 S.W.3d 352, 356 (quoting *57 Nucor Corp. v.Kilman , 358 Ark. 107, 186 S.W.3d 720 (2004) ). The summons that was issued to Mr. Hamilton in this case reads in its entirety as follows:
The Trustee argued below and continues to argue on appeal that it is proper in a trust-administration case to identify the trust in the caption section of the summons. It argues that, like a probate case, there is no traditional plaintiff versus defendant. The Trustee points to the official form of summons adopted by our supreme court for probate cases, on which the caption on the summons provides "In the Matter of __________" rather than a plaintiff versus a defendant. In contrast, Mr. Hamilton argues that a trust case is not a probate case and that probate forms do not govern trust cases. We agree with Mr. Hamilton that a trust case is not a probate case, but we recognize that a trust-administration case, like a probate case, is also *58 not a typical lawsuit involving a plaintiff versus a defendant. The official form of summons provides that it "may be modified as needed in special circumstances." Ark. R. Civ. P. 4, "Form of Summons" (2018). The summons in this case is such a special circumstance.
We turn to Rule 1 of the Arkansas Rules of Civil Procedure, which provides that the Rules of Civil Procedure "govern the procedure ... in all suits or actions of a civil nature with the exceptions stated in Rule 81." Ark. R. Civ. P. 1 (2018). Rule 81(a) excludes the application of the Rules "in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply." Ark. R. Civ. P. 81(a) (2018). Our supreme court addressed the distinction between an "action" and a "special proceeding" in Coleman v. Coleman , 257 Ark. 404, 407, 520 S.W.2d 239, 241 (1974), defining an action as "an ordinary proceeding in a court of justice by one party against another for the enforcement or protection of a private right or the redress or prevention of a private wrong." The court said in In re Adoption of Martindale , 327 Ark. 685, 689, 940 S.W.2d 491, 492-93 (1997), that all proceedings that are not ordinary proceedings are "special proceedings" created exclusively by statute. For example, adoption proceedings are "special proceedings" without utilizing the label "special proceeding." Id. (citing Poe v. Case , 263 Ark. 488, 490, 565 S.W.2d 612, 613 (1978) ); see also Screeton v. Crumpler , 273 Ark. 167, 617 S.W.2d 847 (1981) (stating that a proceeding to probate a will and a will contest are special proceedings); Nelson v. Cowling , 89 Ark. 334, 116 S.W. 890 (1909) (holding guardianship cases are special proceedings). While we can find no case from our supreme court stating that a trust-administration proceeding is a special "right, remedy or proceeding" under Rule 81, we hold that, at a minimum, such a case qualifies as a "special circumstance" for purposes of the official form of summons. Ark. R. Civ. P. 4, "Form of Summons."
The Trustee in this case filed a "Complaint for Declaration of Rights" specifically stating that it was requesting a declaration of rights pursuant to Ark. Code Ann. § 28-73-201(c) and alleging that the court had jurisdiction over Mr. Hamilton and Ms. Cossey pursuant to Ark. Code Ann. § 28-73-202. Those statutes are found in the Arkansas Trust Code and provide as follows:
Ark. Code Ann. § 28-73-201. Role of court in administration of trust.
(a) A court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law.
(b) A trust is not subject to continuing judicial supervision unless ordered by the court.
(c) A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and an action to declare rights.
Ark. Code Ann. § 28-73-201 (Repl. 2012) (emphasis added).
Ark. Code Ann. § 28-73-202. Jurisdiction over trustee and beneficiary.
(a) By accepting the trusteeship of a trust having its principal place of administration in this state or by moving the principal place of administration to this state, the trustee submits personally to the jurisdiction of a court of this state regarding any matter involving the trust.
(b) With respect to their interests in the trust, the beneficiaries of a trust having its principal place of *59 administration in this state are subject to the jurisdiction of the courts of this state regarding any matter involving the trust. By accepting a distribution from such a trust, the recipient submits personally to the jurisdiction of a court of this state regarding any matter involving the trust.
(c) This section does not preclude other methods of obtaining jurisdiction over a trustee, beneficiary, or other person receiving property from the trust.
Ark. Code Ann. § 28-73-202 (emphasis added).
A trustee is a representative and does not file a lawsuit to redress a wrong or protect a right for its own interest. A trustee acts to protect the interests of the beneficiaries, to manage the trust property, and to carry out the terms and purposes of the trust. See Restatement (Third) of Trusts § 70 (2007). Moreover, the trustee may be replaced by another person or entity, as occurred here. A trustee, as a representative, is entitled to seek instructions whenever he or she has reasonable doubt regarding any matter relating to administration of the trust. Taylor v. Woods , 102 Ark. App. 92, 106, 282 S.W.3d 285, 295 (2008) (citing Ark. Baptist State Convention v. Bd. of Trs. , 209 Ark. 236, 189 S.W.2d 913 (1945) ). The Trustee did exactly that in this case, specifically pursuing this right under Ark. Code Ann. § 28-73-201. Moreover, Ark. Code Ann. § 28-73-202(b) provides that the court has jurisdiction over the beneficiaries of the trust for these proceedings.
In this case, the summons contained the name of the trust and was directed to Mr. Hamilton. In no way did the form of the summons fail to apprise Mr. Hamilton of the pendency of the suit and afford him an opportunity to be heard. See Nucor Corp. , 358 Ark. at 123, 186 S.W.3d at 730. Indeed, he does not dispute that he received the summons and complaint; he filed a timely answer. His argument is that the summons was defective because it failed to contain the "names of the parties"-that is, it failed to name Bank of the Ozarks. However, "Bank of the Ozarks" was not a "party." Bank of the Ozarks was the acting trustee at the time the request for instructions was filed. The Trustee filed a complaint and had a summons issued in the name of the Trust as Ark. Code Ann. § 28-73-201 gives it the right to do. We decline to interpret Rule 4(b) in a manner that "leads to absurd consequences" by holding the summons was defective for failing to name the acting trustee as a party under these circumstances. Solis , 371 Ark. at 597, 269 S.W.3d at 357. Accordingly, we hold that the summons in this case qualified as a special circumstance and that the circuit court did not abuse its discretion in denying Mr. Hamilton's motion to declare the service and process void and invalid.[3]
For his second point on appeal, Mr. Hamilton contends that the court abused its discretion in denying his motion to dismiss because the complaint failed to comply with Rule 10(a) of the Arkansas Rules of Civil Procedure, specifically arguing that the caption does not contain the names of the parties. For the reasons set forth above, we hold that the circuit court *60 did not abuse its discretion in denying his motion to dismiss.
Affirmed.
Hixson and Brown, JJ., agree.

Bank of the Ozarks is no longer the trustee of the Trust. On March 7, 2018, the Pulaski County Circuit Court entered an order releasing and discharging Bank of the Ozarks as trustee and appointing a new trustee. This occurred after the appeal in this case had already been filed.

Ms. Cossey was also served with a copy of a summons and complaint, but she did not answer or otherwise appear.

While not applicable to this case, we note that subsection (k) has been added to Ark. R. Civ. P. 4. It provides for a substantial-compliance standard when the defendant received actual notice of the complaint and filed a timely answer. Ark. R. Civ. P. 4(k) (2019). The reporter's notes state that a strict-compliance standard in non-default situations is "at odds with the guiding principle of Rule 4-ensuring due process by giving adequate notice of the suit and an opportunity to respond before a judgment is entered." Ark. R. Civ. P. 4(k) addition to rprt's notes, 2019 amend. (subdiv. (k) ).