Cite as 2021 Ark. App. 437

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV–20–251

| | |
|---|---|
| LARRY HAMILTON<br><div align="right">APPELLANT</div> | **Opinion Delivered** November 10, 2021 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTEENTH DIVISION [NO. 60PR–16–651] |
| BANK OF THE OZARKS; ELLEN B. BRANTLEY; AND SUSAN COSSEY<br><div align="right">APPELLEES</div> | HONORABLE RICHARD MOORE, JUDGE |
| | REMANDED TO SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

**RITA W. GRUBER, Judge**

Larry Hamilton appeals from the Pulaski County Circuit Court's award of attorney's fees and costs in this trust-administration case. The case is collateral to *In re Hamilton Living Trust*, 2019 Ark. App. 76, 571 S.W.3d 53 (*Hamilton II*), in which we affirmed the circuit court's denial of Mr. Hamilton's challenges to a summons and complaint in a lawsuit involving the trust and Mr. Hamilton. The case was brought by the trustee for a declaration of rights and injunctive relief regarding real property owned by the trust. The relevant facts of the underlying case are set forth therein. *See id*. Here, Mr. Hamilton contends that the circuit court had no authority to hear certain parts of the trustee's request for attorney's fees and costs expended in litigating the case. Because we do not have an adequate record upon

which to review Mr. Hamilton's claims, the case must be remanded to supplement the record. We order supplementation of the record and rebriefing.

Mr. Hamilton and his sister, Susan Cossey, are qualified beneficiaries of the Hamilton Living Trust (the "Trust"), which was created by their parents. The underlying lawsuit was filed by the trustee on March 31, 2016, for a declaration of rights, specifically with respect to real estate owned by the Trust in which Mr. Hamilton was residing. The circuit court entered an order on May 4, 2017, granting the trustee relief, which Mr. Hamilton appealed. This court ordered rebriefing in an opinion dated September 19, 2018. I*n re Hamilton Living Tr.*, 2018 Ark. App. 415. The case returned to us, and we issued an opinion affirming the circuit court's order in the case on February 13, 2019. *Hamilton II.*

In the meantime, on May 18, 2017, two weeks after the circuit court entered its order, the trustee filed a petition to recover its attorney's fees and costs incurred in prosecuting the case as well as attorney's fees and costs for general trust administration in connection with the case. The trustee asked the court for attorney's fees for general trust administration to be paid by the Trust and attorney's fees expended in litigating this case to be paid by, and charged against, Mr. Hamilton's share of the Trust. The trustee filed a supplemental petition for attorney's fees and costs on August 15, 2017, incorporating by reference its previous petition and alleging that it had incurred additional attorney's fees and expenses in connection with the case, which it asked the court to charge against Mr. Hamilton's share of the Trust, and additional attorney's fees and expenses in connection with the general trust administration, which it asked the court to order the Trust to pay.

Finally, on September 12, 2019, the successor trustee[1] filed a second supplemental petition for attorney's fees and costs, incorporating the earlier petitions by reference and again requesting additional attorney's fees and costs incurred from the time the last petition was filed.

The circuit court held a hearing on December 2, 2019, and entered an order on December 19 granting the petitions. The court awarded $26,275.03 in attorney's fees and expenses to be paid by the Trust and $47,806.84 in attorney's fees and expenses to be paid by, and charged to, Mr. Hamilton's share of the Trust. Mr. Hamilton filed a timely notice of appeal of the order and challenges only those fees charged against his share of the Trust incurred in the appeal of the case; in defending Mr. Hamilton's petition for certiorari of the order appointing the successor trustee; and for trust management regarding a complaint filed with the Arkansas Bank Department by Mr. Hamilton against the Trust.

The order on appeal states that a hearing was held on the petitions on December 2, 2019, and that the court's decision was based on "the filings and the arguments and statements of counsel and the parties" from that hearing. The transcript of the hearing is not in the record on appeal and has not been abstracted. Further, neither the addendum nor the record contains some of the "filings" reviewed by the court and thus necessary for us to review its decision on appeal. These include an affidavit and attached documentation of fees and expenses filed with the initial petition and the brief in support of the petition. We note

---

[1]By order entered on March 7, 2018, the circuit court accepted the resignation of the trustee, Bank OZK, and appointed a successor trustee, Ellen B. Brantley. Mr. Hamilton filed with our supreme court a petition for certiorari of the order, which was denied.

also that Mr. Hamilton's notice of appeal mentions a response to the petition and a reply to the response, both filed in June 2017, which are not in the record on appeal.

Rule 6 of the Arkansas Rules of Appellate Procedure–Civil provides that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and, if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e) (2020). The transcript of the hearing and the above-mentioned documents are material to our determination. Accordingly, we direct Mr. Hamilton to coordinate with the Pulaski County Circuit Clerk and court reporter to correct these deficiencies in the record and produce a supplemental certified record. We remand to the circuit court to supplement the record with the transcript of the December 2 hearing and the additional documents within thirty days.

Mr. Hamilton shall then have fifteen days in which to file a substituted abstract, addendum, and brief containing an abstract of the hearing and any documents necessary for our review. *See* Ark. Sup. Ct. R. 4-2(b)(3) (2020). The trustee will then have fifteen days to revise or supplement its brief. *Id.* We encourage Mr. Hamilton to review Rule 4-2 before filing the substituted brief to ensure that the substituted abstract, brief, and addendum comply with the rules and that no additional deficiencies are present. If after the opportunity to cure the deficiencies, Mr. Hamilton fails to file a complying abstract, addendum, and brief within the prescribed time, we may affirm the judgment for noncompliance with the rule. *Id*.

Remanded to supplement the record; rebriefing ordered.

HARRISON, C.J., and VIRDEN, J., agree.

4

*Larry Hamilton*, pro se appellant.

*Rose Law Firm, a Professional Association*, by: *Amanda K. Wofford* and *Joseph Hall*, for separate appellee Ellen B. Brantley.